Díaz et al., Recurrentes, *v.* El Registrador de la Propiedad,
Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Germán denegando la inscripción de bienes hereditarios.

No. 177.—Resuelto en mayo 7, 1914.

Contribución de Herencia—Inscripción de Bienes Hereditarios—Falta de Presentación del Recibo de Contribución de Herencia o del Documento Justificativo de la Exención del Pago de Dicha Contribución.—Los recurrentes en este caso presentaron al Registrador de la Propiedad de San Germán, con el fin de inscribir a su nombre determinado condominio en bienes hereditarios, el testamento de su causante en el cual se nombra herederos a sus hijos legítimos y a la viuda, que son los recurrentes, y, además, se deja un legado de cinco mil pesos a un niño. El registrador denegó la inscripción de dicho condominio por no haberse presentado ni recibo creditivo del pago de la contribución sobre la herencia, ni documento justificativo de exención del pago de dicha contribución. *Se resolvió,* atendidas las circunstancias del caso, que el registrador estaba justificado en su negativa.

Los hechos están expresados en la opinión.

Abogado de los recurrentes: *Sr. Benito Forés.*

El Registrador Sr. Rafael B. Sama compareció por escrito en nombre propio.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Presentada copia del testamento otorgado por don Ulises López Carlo en el Registro de la Propiedad de San Germán con una instancia para que se inscribiera a favor de los herederos del Señor López Carlo la mitad indivisa de cierta finca rústica, el registrador se negó a ello por medio de la siguiente nota contra la cual se ha interpuesto el presente recurso gubernativo. La nota dice así:

"No admitida la inscripción del documento que precede, en cuanto a una 'finca rústica,' digo, mitad indivisa que al finado Don Ulises López y Carlo correspondía en una finca rústica de diez cuerdas radicada en el barrio Parguera, término municipal de Lajas, con vista de una instancia en que se describe la finca y se solicita la inscripción,

por el defecto de no haberse cumplido el terminante precepto del artículo 372 del Código Político, para probar que se ha pagado por entero sobre los bienes del difunto, la contribución de herencia o se han declarado exentos de ella, tomándose en su lugar anotación letra A por ciento veinte días a favor de la viuda e hijos del causante, a cuyo nombre se ha solicitado la inscripción proindivisa de la referida participación, al folio 31 vuelto del tomo 6º. de Lajas, finca número 290.''

Por su testamento el Sr. López Carlo deja todos sus bienes a su esposa y a sus legítimos hijos, los recurrentes en este caso y hace el siguiente ''Legado condicional.—De la parte de capital que me concede la ley para disponer libremente, se sacará la cantidad de cinco mil pesos en bienes raíces que lego condicionalmente a favor del niño que hemos criado desde muy pequeño y vive en nuestra casa, llamado Marco Antonio, y a quien profeso cariño, para que con las rentas de la expresada suma se le sostenga y eduque debidamente, y para este efecto, le nombro como tutor y administrador del indicado legado, en primer lugar a mi hijo Ulises Antonio Ledislao, y en caso de faltar éste, a mi otro hijo Ernesto, que abarcará aquéllas facultades. Si por desgracia ocurriere la muerte del indicado niño Marco Antonio, antes de cumplir su mayor edad, y sin descendientes legítimos o naturales, y por consiguiente sin haber recibido dicho legado, pasará éste íntegro y por partes iguales a mis herederos legítimos expresados en la cláusula cuarta de este testamento.''

Sostienen los recurrentes que el legado es condicional y de carácter personal por haber transcurrido más de ciento veinte días sin que se tomara anotación preventiva del mismo sobre los bienes de la herencia. Sin embargo, el legado, según el testamento, es de ''cinco mil pesos en bienes raíces,'' y el hecho de la falta de anotación no debe invocarse por lo menos en favor de uno de los peticionarios que por el mismo testador fué designado para velar por los intereses del niño Marco Antonio.

Sostienen también los recurrentes que el niño Marco Anto-

nio puede conceptuarse como hijo adoptivo y por tanto que su legado está exento del pago de la contribución sobre herencias.   La ley, artículo 368 del Código Político antes citado, emplea las palabras ''o persona legalmente reconocida como hijo adoptivo del fallecido.''   De los términos del testamento no puede deducirse que tal sea la condición del niño Marco Antonio.

Y sostienen, por último, los recurrentes, que este caso debe resolverse en su favor, aplicando la jurisprudencia establecida por esta Corte Suprema en el de *Calder* v. *El Registrador,* 17 D. P. R., 4.   En dicho caso se decidió lo que sigue: ''En procedimientos testamentarios ocurridos al fallecimiento de Fernando Calder, padre del recurrente, se adjudicó a ésta un parcela de terreno, y aprobadas las operaciones testamentarias, se presentó una copia de ellas al registro para la inscripción de la participación del recurrente, denegándola el registrador por no haberse justificado que los herederos de Enriqueta Calder, heredera a su vez de Fernando Calder, hubieran pagado la contribución correspondiente por razón del fallecimiento de dicha señora. *Se resolvió* que apareciendo satisfecha la contribución devengada en relación con la partición de la herencia del padre del recurrente, la partición de éste es inscribible, sin perjuicio de lo que proceda al solicitarse la inscripción de las operaciones referentes a la partición de la herencia de Enriqueta Calder.''

El caso de Calder, como puede verse por el simple resumen del mismo, es diferente a este que resolvemos.   Los herederos del Señor López Carlo han pedido ahora la inscripción a su favor de una pequeña finca y así podrían continuar pidiendo la inscripción de las demás que forman la totalidad de la herencia y eludir no sólo el cumplimiento de la voluntad del legislador que exige el pago de la contribución sobre la herencia antes de que el traspaso a los herederos se anote en el registro (arts. 376 y 379 del Código Político), sino, además, la voluntad del mismo testador en cuanto se refiere al

legado de cinco mil pesos en bienes raíces que hiciera al niño Marco ·Antonio.

No nos toca decidir en este caso si la herencia del Sr. López Carlo debe o nó pagar finalmente por algún concepto la contribución que se exige en el capítulo III, título IX, del Código Político: Este es un recurso gubernativo y tal cuestión pudiera resultar en una controversia entre el Tesorero de Puerto Rico y la parte interesada. Sólo nos toca resolver como resolvemos que el registrador estuvo justificado, dadas las circunstancias concurrentes, en exigir que antes de practicar la inscripción se le presentara· el recibo del pago de la contribución sobre la herencia o el documento justificativo de que el Tesorero la· había considerado exenta de dicho pago.

Debe confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.