ROVIRA, RECURRENTE, *v.* EL REGISTRADOR DE LA PROPIEDAD, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Guayama, denegando la inscripción de una partición de herencia.

No. 192.—Resuelto en agosto 1, 1914.

PARTICIÓN DE HERENCIA—BIENES PRIVATIVOS DE UNO DE LOS CÓNYUGES—VENTA DE LOS MISMOS—DEDUCCIÓN DE SU IMPORTE AL LIQUIDAR LA SOCIEDAD DE GANANCIALES.—Cuando como en el caso de autos, resulta que la esposa durante su matrimonio heredó ciertos bienes y los vendió recibiendo ella misma su importe, sin que conste que lo entregara luego a su esposo, no es posible, al hacer la liquidación de la sociedad de gananciales por fallecimiento del marido, deducir el valor de dichos bienes.

ID.—BIENES PARAFERNALES DE LA MUJER—ADMINISTRACIÓN DE LOS MISMOS POR EL MARIDO.—De acuerdo con el derecho antiguo, para que corresponda al marido la administración de los bienes parafernales de su mujer, es necesario que se le haga entrega de ellos señaladamente y con intención conocida de realizarla, y en caso de duda, debe deducirse que no hubo tal entrega, y que la administración de los bienes parafernales, no entregados del modo dicho al marido, corresponde a la mujer.

ID.—APROBACIÓN JUDICIAL CUANDO HAY MENORES INTERESADOS—PROTOCOLIZACIÓN DE LA PARTICIÓN HECHA EN DOCUMENTO PRIVADO.—De acuerdo con la sección 71 de la Ley de Procedimientos Legales Especiales, de marzo 9, 1905, enmendada por Ley de marzo 8, 1906, página 182, cuando se hace una partición de herencia en documento privado y se somete a la aprobación judicial por haber menores interesados, la certificación expedida por el secretario de la corte de la divisoria y del auto aprobándola, siempre que contenga todos los requisitos necesarios, es inscribible, sin que sea indispensable el protocolizar dicho documento en un protocolo notarial.

ID.—CONTRIBUCIÓN DE HERENCIA—PRESENTACIÓN DEL RECIBO O DEL CERTIFICADO DE EXENCIÓN.—Cuando los herederos, como en este caso, son únicamente los hijos y la viuda, la misma ley los declara exentos del pago de la contribución sobre herencia, y el hecho de que no se presente al registro el recibo del pago de dicha contribución, o el certificado de exención, no constituye defecto alguno que impida la inscripción de la partición de herencia.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. C. Domínguez Rubio.*

El Registrador Sr. Felipe Cuchí compareció por escrito en nombre propio.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Presentadas para su inscripción en el Registro de la Pro-

piedad de Guayama las "Operaciones divisorias del caudal relicto al óbito de Don Tomás Villodas y Curet," el registrador, el 24 de junio de 1914, se negó a inscribirlas por medio de la siguiente nota contra la cual se ha interpuesto el presente recurso gubernativo. La nota dice así:

"Denegada la inscripción del precedente documento por los motivos siguientes: 1º. Por falta de claridad en la redacción del mismo, pues si bien se expresa en la cláusula quinta página 3ª. de dichas particiones que la viuda Doña Teresa Rovira y Tomás, adquirió estando casada con el cónyuge premuerto una finca tasada en 3,000 dollars, la cual finca fué adquirida por la viuda a título lucrativo y vendida por ella misma en 4,000 dollars a tercer persona, no se expresa que dicha finca fuera entregada en concepto de parafernales al marido ya difunto, ni tampoco el importe de su venta, para que los herederos de éste tuvieran la obligación de devolverla; pues solo cuando los bienes parafernales se entregan al marido o cuando el importe de su venta exista en el dominio del marido, tiene éste o en su caso los herederos, obligación de devolverlos a la viuda.

"2º. Porque las operaciones particionales no están protocolizadas, ni vienen en forma que se puedan protocolizar, porque la sección 3ª. de la Ley Hipotecaria prohibe la inscripción de documentos privados y el hecho de que el Juez de la Corte de Distrito de Guayama imparta su aprobación a unas particiones hechas en documento privado no desvirtúa ni transforma la naturaleza de tales particiones que no han debido ser juradas ante ningún notario, porque la partición de herencia es un contrato y en los contratos son nulos los juramentos.

"3º. Porque a pesar de tratarse de una herencia ocurrida con posterioridad a la vigencia del Código Político, no se presenta recibo de herencia o certificado de exención. No tomándose anotación preventiva de esta denegación por no haberlo querido el presentante Don Celestino Domínguez."

Las operaciones divisorias de que se trata se llevaron a efecto privadamente por Doña Juana Villodas, mayor de edad, hija del finado; por Don Manuel Fernández, defensor de dos hijos del finado, menores de edad, y por la viuda Doña Teresa Rovira, y en ellas se hizo constar que los tres hijos y la viuda eran los únicos herederos del Sr. Villodas declara-

dos así por la corte de distrito competente, por haber muerto Villodas sin otorgar testamento; que el Señor Villodas contrajo tres matrimonios no quedando descendientes del primero, dejando una hija, mayor de edad, del segundo, y dos hijos, menores de edad, del tercero; que no aportó bienes a su matrimonio con la Señora Rovira y que ésta, en constante matrimonio con el Señor Villodas, adquirió por herencia una finca valorada en tres mil pesos que se vendió luego en cuatro mil "que oportunamente recibió Doña Teresa."

Hecho constar lo que antecede, se pasa en las operaciónes a inventariar los bienes relictos al fallecimiento de Villodas y a tasarlos y adjudicarlos. Dichos bienes consisten en tres pequeñas fincas rústicas justipreciadas todas en $1,950 y se adjudican a la viuda "en pago de los bienes propios vendidos durante el matrimonio." Todo el caudal se destinó, pues, al pago de los expresados bienes, no existiendo por tanto en realidad de verdad herencia alguna que partir. En ninguna parte de las operaciones se hace constar que el dinero obtenido por virtud de la venta de la finca heredada por la Señora Rovira y recibido por ésta, se entregara al administrador de la sociedad de gananciales constituída por el Señor Villodas y la Señora Rovira.

Presentadas las operaciones a la Corte de Distrito de Guayama, ésta les impartió su aprobación ordenando que "de la petición y de dichas operaciones se libre copia certificada a los peticionarios para el uso de su derecho y que tal testimonio sirva de título para la inscripción de las propiedades que en dichas operaciones se distribuyen y adjudican." Se libró en efecto la copia, se presentó en el registro y ya hemos visto que el registrador se negó a inscribirla por los motivos que también conocemos.

1. A nuestro juicio, el primer motivo de la negativa del registrador, está bien fundado. No es posible con los datos que se consignan en las operaciones, llegar a la conclusión de que está justificado el pago que en las mismas se hace a la viuda del Señor Villodas. Este falleció en Guayama el 23 de

noviembre de 1908. La finca adquirida a título lucrativo por la Señora Rovira lo fué el 6 de marzo de 1905. La fecha de la venta de dicha finca no se fija con exactitud en las operaciones, pero debió ser entre los años de 1905 y 1908. Durante todo ese período estuvo vigente el artículo 160 del Código Civil revisado, tal como quedó enmendado en 1904, Leyes de 1904, p. 168, que dispone que "el marido y la mujer tendrán el derecho de administrar y disponer libremente de sus respectivas propiedades particulares. Y si la Señora Rovira heredó durante su matrimonio con el Sr. Villodas una determinada propiedad inmueble y en uso de su derecho, reconocido por la ley, dispuso libremente de ella y, según se consigna expresamente en las mismas operaciones, recibió el importe de la venta, ¿cómo es posible pretender cobrar dicho importe a la herencia del Sr. Villodas, si no consta que el Señor Villodas lo recibiera en forma alguna? ¿Cómo es posible al liquidar la sociedad de gananciales, tener en cuenta una suma que no aparece que fuera aportada a dicha sociedad?

Examinadas cuidadosamente todas las disposiciones de nuestro Código Civil vigente relativas a la sociedad de gananciales y las reglas referentes al contrato de sociedad en general, no encontramos ningún precepto que autorice la contención de la recurrente en este caso. Y si investigamos el derecho antiguo, nos encontraremos como principio claramente establecido que para que corresponda al marido la administración de los bienes parafernales de su mujer, debe hacérsele entrega de ellos señaladamente y con intención conocida de realizarla, y en caso de duda, debe decidirse que no hubo tal entrega, y que la administración de los bienes parafernales, no entregados del modo dicho al marido, corresponde a la mujer. Véase el caso de *Prado v. Sucesión Río*, 15 D. P. R., 584, en el que se cita la jurisprudencia antigua y se resolvió que "no habiéndose probado la entrega de los bienes parafernales, no puede llegarse a la conclusión de que los bienes del esposo quedaron hipotecados legalmente y debe presumirse que là esposa continuó administrando sus pro-

pios bienes y que la reclamación que hace ahora carece de fundamento.''

2. El segundo fundamento de la negativa, no está bien fundado, a nuestro juicio.

El Código de Enjuiciamiento Civil antiguo disponía que luego de aprobadas definitivamente las particiones y de protocolizadas, podría darse a los partícipes que lo pidieren, testimonio de su haber y adjudicación respectivos. 4, Manresa, Ley de Enjuiciamiento Civil, 515.

La Ley vigente en la actualidad (sec. 71 de la Ley de Procedimientos Legales Especiales, enmendada en 1906, Leyes de 1906, p. 182), prescribe que aprobadas definitivamente las particiones, cada una de las partes interesadas tendrá derecho a una copia certificada del auto definitivo de la divisoria, que deberá contener todos los requisitos necesarios para la inscripción en el registro de la propiedad, declarando tales documentos títulos inscribibles. Cuando entre los herederos, como sucede en este caso, hubiere menores de edad, y los representantes legales de los menores y los herederos mayores de edad estuvieren acordes respecto a la partición, no habrá necesidad de nombrar un contador partidor y los mismos interesados podrán presentar a la corte la divisoria del caudal que se haya hecho. La corte aprobará dicha divisoria, haciendo en ellas las modificaciones que estime oportunas y contra su resolución podrá apelarse para ante esta Corte Suprema.

Nada dispone la ley con referencia a que en el caso de verificarse privadamente la partición haya necesidad de hacerlo por documento otorgado ante notario, y nada dispone tampoco con respecto a la protocolización de las particiones. No exigiendo la ley dichos requisitos, nos parece que en el actual estado de derecho es bastante que los interesados puestos de acuerdo lleven a efecto la partición y la consignen en un documento bien sea público o ya privado que someterán a la aprobación de la corte de distrito. Y aprobada que sea por la corte, en la forma que dispone la ley, podrá inscribirse en el registro por medio de copia certificada de la divisoria, y del

auto aprobándola, siempre que contenga todos los requisitos necesarios para ello. El expediente original quedará archivado en la corte de distrito.

3. Tampoco está justificado el tercero de los fundamentos de la nota recurrida. Cuando los herederos, como en este caso, son únicamente los hijos y la viuda, la misma ley los declara exentos del pago de la contribución sobre herencias. Artículo 368 del Código Político. Este caso es distinto del que sirvió de base a la decisión de esta Corte Suprema en *Díaz et al. v. El Registrador,* 20 D. P. R., 413.

4. Por virtud de todo lo expuesto, procede la confirmación de la nota recurrida, pero sólo por el primero de sus fundamentos.

> *Confirmada la nota recurrida por el primero de sus fundamentos y revocada en lo demás.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.