Rieffkohl, Recurrente, *v.* El Registrador de Caguas, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Caguas denegando la inscripción de un crédito hipotecario.

No. 399.—Resuelto en mayo 19, 1919.

Inscripción de Bienes Hereditarios—Contribución de Herencia—Documento Justificativo de su Pago—Exención.—Para la inscripción en el registro de bienes hereditarios cualquiera que sea su valor, es necesario presentar al registrador recibo creditivo del pago de la contribución de herencia o documento justificativo de exención de tal pago, de acuerdo con el artículo 379 del Código Político.

Los hechos están expresados en la opinión.

Abogado del recurrente: Sr. *Rafael Arce.*

El registrador recurrido, Sr. Pedro Gómez Laserre, compareció por escrito.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por resolución de 18 de diciembre de 1918 la Corte de Distrito de Humacao declaró únicos y universales herederos de Plácido Muñoz y Muñoz fallecido abintestato en 3 de septiembre del mismo año, a sus tres hijos llamados María Josefa Acacia Concepción, Guillermo Ernesto Vicente y Alma Rosenda Muñoz Rieffkohl, por partes iguales, y a la cónyuge sobreviviente Julia Rieffkohl y López en la cuota usufructuaria legal.

Acompañando copia certificada de la anterior resolución la viuda Julia Rieffkohl López acudió al Registrador de la Propiedad de Humacao solicitando en escrito de 26 de diciembre de 1918 que se practicara en el registro a favor de ella y de sus hijos la inscripción de un crédito hipotecario por valor de $1,254.58 que su difunto esposo Plácido Muñoz había adquirido durante el matrimonio con dinero de la comunidad, crédito constituído por los esposos Baudilio Ayala Díaz y Ambrosia Fernández Resto mediante escritura de 14 de mayo de 1918, con hipoteca sobre un predio rústico de 20 cuerdas, radicado en el barrio Cagüitas, término municipal de Aguas Buenas, que comprendía una casa de maderas y zinc para habitación y otras edificaciones, cuyo crédito estaba inscrito en el mencionado registro.

El registrador denegó la inscripción según nota de 6 de enero de 1919, "por no haberse acompañado el recibo crediLivo del pago de la contribución de herencia por los herederos del causante Plácido Muñoz y Muñoz, ni documento alguno justificativo de exención del pago de dicha contribución."

Esa nota está sometida a nuestra consideración a virtud de recurso gubernativo contra ella interpuesto.

Para mejor conocimiento de la ley aplicable al caso, trans-

cribiremos los artículos del Código Político que le son ati-
nentes.

El artículo 368 del Capítulo III, Título IX, del Código
Político de Puerto Rico, según quedó enmendado por la Ley
No. 62 aprobada en 13 de abril de 1916, dice así:

"Todos los bienes inmuebles en Puerto Rico y cualquiera par-
ticipación en ellos, pertenecientes o no a habitantes de Puerto Rico;
y todos los bienes muebles pertenecientes a habitantes de Puerto Ri-
co, que por testamento o abintestato, o por herencia o por donación
cualquiera efectuada, cuya intención fuere otorgar la posesión o
el usufructo después del fallecimiento del donador, se transmitieren
a cualquiera persona, sociedad, institución o corporación en fidei-
comiso o con otro carácter, estarán sujetos a una contribución se-
gún se dispone más adelante * * *  . Y *disponiéndose, además,*
que no se cobrará contribución alguna sobre bienes que se trasmi-
tan a la esposa, hijo, nieto o persona legalmente reconocida como
hijo adoptivo del varón fallecido, cuando el valor de tales bienes
sea de $5,000 o menos; Y *disponiéndose, además,* que cuando el va-
lor de tales bienes * * * exceda de $5,000, estos $5,000 se reba-
jarán al computar la contribución sobre los bienes referidos, y el
restante después de hacer dichas deducciones será considerado como
el valor de la manda, legado, donación o herencia."

El texto del artículo 372 es el siguiente:

"Será deber de todo administrador, albacea o fideicomisario o
de cualquiera de ellos que actúe en Puerto Rico, y de cualquier sub-
administrador, agente o persona autorizada legalmente para admi-
nistrar los bienes o cualquiera parte de ellos en Puerto Rico, trans-
mitir al Tesorero de Puerto Rico, sesenta días después del falleci-
miento de la persona a quien representen, una notificación jurada
de dicho fallecimiento, haciendo constar claramente en ella el nom-
bre y residencia del referido difunto; la fecha del fallecimiento; si
muere intestado, y en caso contrario el nombramiento del notario en
cuyo protocolo radique el testamento; y tan exactamente como sea
posible, el montante, valor, descripción y situación de los bienes del
difunto, los nombres y grados de parentesco de los herederos, man-
datarios o legatarios, y la parte proporcional y descripción de los
bienes que a cada uno correspondan; los nombres de todos los ad-
ministradores, albaceas o fideicomisarios de los bienes de dicho di-
funto; y con dicha notificación se transmitirá adjunto un recibo de

contribución, en prueba de que se ha pagado por entero sobre dichos bienes la contribución sobre la propiedad   *   *   *   .''

El artículo 373 ordena—

"Siempre que sea posible, el valor de todos los bienes de fallecidos se tasará por agentes de rentas internas; y siempre que se necesiten los servicios de peritos en contabilidad para tasar los bienes de fallecidos, el Tesorero está autorizado para nombrar uno o más de sus empleados quienes darán una justa y acertada tasación de los bienes de los fallecidos y resolverán de acuerdo con el artículo 369;   *   *   *   y los resultados de dicha tasación se pondrán en conocimiento tanto del Tesorero de Puerto Rico como de los administradores, albaceas y fideicomisarios de dichos bienes.''

El artículo 369, enmendado y adicionado por la Ley No. 62 de 13 de abril de 1916, establece la tarifa bajo la cual la contribución debe ser impuesta y pagada, y el artículo 379 entre otros particulares ordena que "ningún registrador inscribirá en ningún registro a su cargo instrumento alguno ni fallo, sentencia o auto judicial, autorizado, dictado o emitido en relación con la división, distribución o entrega de dichos bienes (los bienes del fallecido) a menos de haberse presentado el recibo o recibos expedidos por el Tesorero.''

Los recibos expedidos por el Tesorero, a que se refiere el artículo 379, son los que el Tesorero, por precepto del artículo 378, está obligado a expedir por triplicado al administrador, albacea, fideicomisario o persona que administre bienes sujetos a la contribución prescrita en el artículo 369, al pagarse dicha contribución sobre dichos bienes.

Tomando por norte y guía los preceptos legales a que hemos hecho referencia, tenemos que llegar a la conclusión de que para la inscripción en el registro del crédito hipotecario de que se trata era necesario presentar como sostiene el registrador el recibo creditivo del pago de la contribución de herencia por los herederos de Plácido Muñoz, o algún documento justificativo del pago de dicha contribución.

No aparece que se haya transmitido al Tesorero de Puerto

Rico según previene el artículo 372, sesenta días después del fallecimiento de Plácido Muñoz, la notificación jurada de ese fallecimiento en los términos prevenidos por dicho artículo y, por tanto, ignoramos en absoluto cuáles fueran los bienes que dejara el finado. Sólo sabemos que dejó un crédito hipotecario por valor de $1,254.58 perteneciente a la sociedad de gananciales con la esposa sobreviviente, pero ello no excluye que dejara otros bienes. Para fijar la contribución de herencia no debe atenderse a un bien determinado sino a la totalidad de los bienes relictos que han de ser tasados en la forma que indica el artículo 373. Del resultado de esa tasación debe darse conocimiento tanto al Tesorero de Puerto Rico como a los administradores, albaceas y fideicomisarios de dichos bienes y tal conocimiento revelará si debe o no pagarse la contribución de herencia y cuál sea el montante de ésta según la tarifa establecida por el artículo 369 cuyo párrafo 1°., según hemos dicho antes, ha sido enmendado por la Ley de 13 de abril de 1916.

Alega la parte apelante que la adquisición del crédito hipotecario de que se trata no estaba sujeta a la contribución de herencia, atendida su cuantía y la forma en que había de distribuirse entre la viuda y los herederos, pero esa alegación se basa en un supuesto no demostrado, o sea en el de que el finado Plácido Muñoz no dejó otros bienes. De todos modos, aun en el supuesto de que no existieran otros bienes ha debido darse cumplimiento al precepto del artículo 372 presentando al Tesorero de Puerto Rico la declaración jurada que prescribe dicho artículo. De llevarse a efecto la inscripción solicitada, podrían los interesados seguir pidiendo la inscripción de otros bienes y eludir el cumplimiento de la voluntad del legislador sobre el pago de la contribución de herencia.

También alega la recurrente que en la prohibición impuesta a los registradores por el artículo 379 del Código Po-

lítico no está comprendido el presente caso por no tratarse de resolución alguna en relación con la división, distribución o entrega de los bienes del finado. La declaratoria de herederos invocada como fundamento para la inscripción es la base para la división, distribución, y entrega de tales bienes.

Es de confirmarse la nota recurrida.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.