CARDONA, RECURRENTE, *v.* EL REGISTRADOR DE SAN GERMÁN, RECURRIDO.

RECURSO gubernativo interpuesto contra nota del Registrador de la Propiedad de San Germán denegando la inscripción de un título posesorio.

No. 474.—Resuelto en diciembre 10, 1920.

CONTRIBUCIÓN SOBRE HERENCIA—PERSONAS EXENTAS DEL PAGO DE CONTRIBUCIÓN SOBRE HERENCIA—EXPEDIENTE POSESORIO.—Para que sea inscribible un expediente posesorio de finca adjudicada al promovente a título de herencia paterna en época anterior a la promulgación de la Ley No. 62 de 1916, no es necesario acompañar certificado creditivo de exención de contribución de herencia, pues la ley en vigor en tal época exceptuaba de tal contribución los bienes transmitidos al hijo por título hereditario.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. J. Nazario Figueroa.*

El registrador recurrido, Sr. Pedro Gómez Lasserre, no compareció.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

Al procederse a la partición de bienes, cierta finca rústica fué adjudicada a Carlos Alfonso Cardona Ruíz como heredero de su difunto padre. Nueve años después el hijo obtuvo la aprobación judicial de su título posesorio y de una orden de la corte para su inscripción en el registro de la propiedad.

El registrador denegó su inscripción por el fundamento de "no constar que se hayan cumplido las formalidades que disponen los artículos 372 y 379 del Código Político." La ley aplicable al caso es el capítulo 3 del Código Político tal como regía en el año 1911 en que murió el padre del recurrente y se hizo la partición. El artículo primero de ese capítulo (artículo 368) prescribe que estarán sujetos a una contribución de herencia todos los bienes que en dicho artículo se describen que se trasmitieren en cierta forma que se especifica a cualquier persona que no sea la "esposa, hijo, nieto o persona legalmente reconocida como hijo adoptivo del fallecido."

El artículo 372 determina que será deber de todo administrador, albacea fideicomisario, trasmitir al Tesorero de Puerto Rico cierta notificación y con dicha notificación se trasmitirá adjunto "un recibo de contribución, en prueba de que se ha pagado por entero sobre dichos bienes la propiedad impuesta por este título. * * * "

El artículo 377 prescribe que el administrador de cualesquiera bienes sujetos a la contribución antedicha, deducirá la contribución correspondiente de cualquier parcela o parte en la distribución de dichos bienes que se paga en efectivo, y por cualquier parcela, parte o legado que no esté en efectivo, exigirá el pago de la contribución correspondiente a la persona o personas a quienes dicha parcela, parte o legado corresponda y no "pagará o entregará legado determinado ni bienes sujetos a dicha contribución a persona alguna, hasta después de haber cobrado la contribución que corresponda y en caso de que dicho legatario o beneficiario no efectuase o negase el pago de la misma se venderán por

el administrador, albacea, o fideicomisario el legado determinado o bienes o la parte de ellos que fuere necesaria en subasta pública.   *   *   *,,

El artículo 378 dispone que será obligación del Tesorero expedir recibos especiales al administrador, albacea, o fideicomisario o persona que administre dichos bienes sujetos a la contribución prescrita, al pagarse dicha contribución sobre dichos bienes, para que se utilicen dichos recibos en el traspaso de los bienes de la manera que más adelante se dispone.

El artículo 379 prescribe que ningún tribunal aprobará la división o distribución de los bienes de ningún fallecido ni permitirá la liquidación final de las cuentas de ningún albacea, administrador, fideicomisario o persona que administre cualesquiera bienes, a menos de haberse presentado el recibo o los recibos especiales, según lo dispone el artículo 358 y ningún notario expedirá, autorizará o certificará instrumento alguno, de sentencia, división o distribución, enagenación o hipoteca de bienes, a menos de haberse presentado dicho recibo o recibos y ningún registrador inscribirá en ningún registro a su cargo instrumento alguno ni fallo, sentencia o auto judicial autorizado, dictado o admitido en relación con la división, distribución o entrega de dichos bienes, a menos de haberse presentado el recibo o recibos expedidos por el Tesorero.

En el caso de *Calder et al* v. *El Registrador,* 17 D. P. R. 4, que fué uno en el cual estaba envuelta una cuestión algo semejante aunque de ningún modo idéntica, esta Corte resolvió, y nos referimos al sumario de dicho caso, que apareciendo satisfecha la contribución devengada en relación con la partición de la herencia del padre del recurrente, la participación de éste era inscribible sin perjuicio de lo que proceda al solicitarse la inscripción de las operaciones referentes a la partición de la herencia de Enriqueta Calder.

Asimismo en el caso de *Rovira* v. *El Registrador,* 21 D. P. R. 415, en cuya nota denegatoria el registrador se negó

a inscribir ciertos procedimientos sobre partición de bienes por no haberse presentado ninguna contribución de herencia, recibo o certificado de exención, fué revocada por el fundamento de que los herederos comprendidos en aquel caso compuestos de los hijos y la viuda del difunto, estaban exentos por los preceptos del artículo 368 del Código Político del pago de la contribución de herencia.

Los hechos en el presente caso hacen que quede comprendido en el fundamento que tuvo la corte (*ratio decidendi*) en los casos de Calder y Rovira, y como en el de *Rovira* v. *El Registrador,* son suficientes para establecer la diferencia que existe entre estos casos y el de *Díaz* v. *El Registrador,* 20 D. P. R. 413.

Los casos de *Blanco* v. *El Registrador,* 27 D. O. R. 961, y *Riefkohl* v. *El Registrador, idem* 970, ambos envuelven la interpretación de la ley de 1916 titulada "Ley para enmendar el Capítulo III, Título IX, del Código Político de Puerto Rico," la cual modificó en cierto modo la forma y lenguaje, así como la substancia de los preceptos legales interpretados por esta Corte en los casos anteriores a que se ha hecho referencia, no siendo por tanto de aplicación a este recurso.

La nota recurrida debe ser revocada.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.