Esteban Rivera Rosario et al., recurrentes, *v.* El Registrador de la Propiedad de Humacao, recurrido.

Número 1286.
*Sometido:* 26 de Agosto de 1952. *Resuelto:* 3 de Diciembre de 1952.

128

F. *González, Jr.* y *Cruz Ortiz Stella,* abogados de los recurrentes; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR SIFRE emitió la opinión del tribunal.

Los recurrentes, unos como herederos y causahabientes de herederos de Francisca Cintrón Nieves, y otros como herederos de Esteban Rivera, iniciaron pleito sobre reivindicación y nulidad de actuaciones contra Ramón Meléndez Tabales y otros, el cual fué resuelto por sentencia dictada por el entonces Tribunal de Distrito de Puerto Rico, Sección de Humacao.

En la sentencia se declaró con lugar la demanda, y se condenó a los demandados a devolver a los demandantes, recurrentes en este recurso, la finca objeto de la acción reivindicatoria; se decretó la nulidad e inexistencia de la venta de dicha finca hecha a Faustino R. Fuertes en pública subasta; se ordenó al recurrido cancelar todas las inscripciones de la mencionada finca, comenzando con la inscripción a favor de Fuertes, ordenándose a la vez que, con tal fin, una vez firme la sentencia, el Secretario expidiera los correspondientes mandamientos. La sentencia fué confirmada por este Tribunal en *Rivera* v. *Meléndez*, 72 D.P.R. 432. En 26 de noviembre de 1951, los recurrentes presentaron al recurrido un mandamiento comprensivo de dicha sentencia, acompañado de copia certificada de la demanda que había sido interpuesta en la acción reivindicatoria y anotada en el Registro de acuerdo con el artículo 91 del Código de Enjuiciamiento Civil. Estos documentos fueron presentados con un escrito solicitando la cancelación de las inscripciones según lo ordenara el tribunal a quo, así como la inscripción de la finca objeto de dicha acción a nombre de los recurrentes.(¹) El recurrido canceló las inscripciones pero no tomó acción en cuanto a esta última solicitud, limitándose a consignar en nota de 13 de diciembre de 1951 puesta al calce del mandamiento, que quedaba vigente la inscripción a favor de Esteban Rivera.(²)

---

(¹) Aunque no aparece de la nota recurrida (ello consta únicamente en el escrito inicial y en los alegatos sometidos por las partes en este recurso) que en el escrito de 26 de noviembre de 1951 se solicitara la inscripción de la finca a nombre de los recurrentes, consideramos oportuno hacerlo constar para mayor claridad de esta opinión.

(²) La nota de 13 de diciembre de 1951, lee así:

"VERIFICADA la cancelación de la inscripción segunda a favor de Faustino R. Fuertes; la de la inscripción tercera a favor de Ramón Meléndez y Tabales y a la de la cuarta a favor de la Sociedad Meléndez y Meléndez a que se contrae la sentencia de la Corte objeto del presente mandamiento, con vista de la copia certificada de la demanda original donde se describe la finca, por la inscripción NOVENA de la misma finca número 211 Trip. al folio 75 del tomo 15 de Ceiba; quedando por tanto vigente sólo la inscripción primera de la misma finca a favor de Esteban Rivera."

En 28 de diciembre de 1951, los recurrentes presentaron otro escrito acompañado también de copia certificada de la demanda y del mandamiento a que hemos hecho referencia. Estos documentos fueron presentados con solicitud al recurrido de que procediera a inscribir la finca a favor de los recurrentes, y fueron devueltos por los motivos que se consignan en la siguiente nota:

"DEVUELTO el presente documento que es un mandamiento expedido con fecha 26 de noviembre de 1951 por Conrado Díaz, Secretario del Tribunal de Distrito de Puerto Rico, Sección de Humacao, comprensivo de la sentencia dictada en 21 de marzo de 1950 por el Honorable Francisco Torres Aguiar, Juez del expresado Tribunal, sentencia esta que fué confirmada por el Honorable Tribunal Supremo de Puerto Rico con fecha 23 de abril de 1951 en recurso de apelación número 10,434, esta vez sin poderse practicar nueva operación de dicho documento, ya que cuando por primera vez fué presentado en esta oficina el susodicho documento se practicó operación del mismo, cumpliéndose a cabalidad todo lo ordenado por dicho Tribunal y sin que esta vez se haya producido documento alguno para llevar a cabo la inscripción que se pretende. Este Registrador entiende que para poderse practicar lo que solicitan por un simple escrito que se tiene a la vista, es imprescindible que se presenten las correspondientes declaratorias de herederos y recibos de contribución de herencia o exención en su caso, todo de acuerdo con la ley."

Los recurrentes no estuvieron conformes con esta nota y presentaron este recurso en el que solicitan que sea revocada y se ordene la "inscripción de la sentencia que fué presentada en el Registro de la Propiedad de Humacao". Sostienen que el recurrido cometió el siguiente error:

"El Registrador de la Propiedad de Humacao erró al denegar, como cuestión de hecho, la inscripción de la finca que fué objeto de reivindicación a favor de los recurrentes, por 'entender que para poderse practicar lo que solicitan por un simple escrito que se tiene a la vista, es imprescindible que se presenten las correspondientes declaratorias de herederos y recibos de contribución de herencia o exención'."

Lo que en efecto interesan los recurrentes es que se ordene la inscripción de la finca a su favor.

■ Como cuestión previa debemos resolver si la nota recurrida envuelve una denegación de la inscripción solicitada. Si resultare que el recurrido no negó la inscripción, procedería la desestimación del recurso. *Mollfulleda* v. *El Registrador*, 19 D.P.R. 1001, *González* v. *El Registrador*, 19 D.P.R. 1067, *Jiménez* v. *Registrador*, 62 D.P.R. 547.

Entendemos que el efecto de dicha nota es el de negar la inscripción de la finca a nombre de los recurrentes, por considerar el recurrido que éstos deben presentar "las correspondientes declaratorias de herederos y los recibos de contribución de herencia o exención en su caso". La nota envuelve, de hecho, una denegación de la inscripción solicitada. *Sucn. Franceschi* v. *El Registrador*, 39 D.P.R. 736.

Hemos resuelto que "La circunstancia de que un Registrador no exprese en su nota que deniega la cancelación de los gravámenes, cuando como cuestión de hecho la denegó, no priva al recurrente del derecho a que la actuación del Registrador sea revisada mediante recurso gubernativo." *Autoridad de Tierras* v. *Registrador*, 65 D.P.R. 513. Sostener una doctrina contraria equivaldría, como se expuso en dicho caso, a que el derecho a acudir al recurso gubernativo contra la actuación del Registrador quede a merced del propio registrador.

■ Resuelta esta cuestión, pasamos a examinar aquella parte de la nota en la que el recurrido consigna el criterio de que para poder inscribir la finca a nombre de los recurrentes, es imprescindible que se presenten las correspondientes declaratorias de herederos.

Los recurrentes fundaron su acción reivindicatoria, entre otros hechos, en su carácter de únicos herederos y causahabientes de herederos de Francisca Cintrón Nieves unos, y otros en su carácter de únicos herederos de Esteban Rivera, alegando que como tales eran los únicos dueños de la finca.

Las conclusiones en que está basada la sentencia dictada en la referida acción demuestran que se ordenó la devolución de dicha propiedad a los recurrentes, entre' otras razones, por haber probado dicho carácter.

Es doctrina de este Tribunal la de que, a pesar de existir como existe un procedimiento especial para la declaratoria de herederos, cuando un heredero ejercita alguna acción como tal sin haber antes recurrido a dicho procedimiento, puede, dentro del pleito y a los efectos del mismo, acreditar dicho carácter. *Morales et al.* v. *Landrau et al.*, 15 D.P.R. 782, *Soriano et al.* v. *Rexach et al.*, 23 D.P.R. 573, *Fortis* v. *Fortis*, 25 D.P.R. 69, *Sucn. Rodríguez* v. *Pérez*, 25 D.P.R. 78, *Casanovas & Cía.* v. *Ramírez et al.*, 25 D.P.R. 625, *Méndez* v. *Martínez*, 26 D.P.R. 96, *Sucesión Torres Negrón* v. *Torres et al.*, 29 D.P.R. 909, *Ginorio* v. *Registrador*, 50 D.P.R. 400, *Sucn. Meléndez* v. *Almodóvar*, 70 D.P.R. 527.

Esta doctrina es desde luego aplicable a acciones reivindicatorias, y en *Morales* v. *Landrau*, supra, la expusimos así:

"Habiendo fundado los demandantes su acción entre otros hechos en su calidad de herederos de Ángel Oquendo sin que tal hecho hubiera sido admitido por los demandados, aquéllos han podido justificar esa calidad en el presente juicio sin necesidad de acudir para ello a la Ley de Procedimientos Legales Especiales, si bien esa justificación sólo puede tener alcance y eficacia con relación a los demandados en el caso concreto de que se trata, pues para fines generales, o cuando se trate de obtener declaratoria de herederos, que en este juicio no ha sido solicitada, debe acudirse al Capítulo 3º del Título 1º de la Ley de Procedimientos Legales Especiales que establece el modo y forma de obtener aquella declaratoria."

Sostienen los recurrentes que, habiendo acreditado en la acción reivindicatoria su mencionado carácter de únicos herederos y causahabientes de herederos, la finca reivindicada debe ser inscrita a su favor, en virtud de la sentencia recaída en dicha acción, sin necesidad de que tengan que tramitar declaratorias de herederos como lo requiere el recu-

rrido. Éste, por su parte, arguye que el referido carácter era necesario acreditarlo en la acción reivindicatoria únicamente para los fines de dicha acción, y que el haberlo acreditado no da derecho a los recurrentes a solicitar la inscripción de la finca a su nombre, ya que de la propia sentencia aparece limitada la acción a ejercitarse por el recurrido a cancelar todas las inscripciones de la finca, comenzando con la hecha a favor de Fuertes, y que al cancelar tales inscripciones cumplió con lo que le ordenara la sentencia.(³)

Los recurrentes tienen razón al sostener que no vienen obligados a presentar al recurrido las declaratorias de herederos exigidas por éste. Consideramos que esta conclusión es consecuencia lógica de la doctrina establecida en *Morales* v. *Landrau,* supra, y en otros casos citados en esta opinión, y que no está en conflicto con la limitación a que está sujeta dicha doctrina en el sentido de que la justificación por el o los demandantes de su carácter de herederos en una acción contenciosa, sólo tiene eficacia para los efectos de la acción y con relación a las partes en el caso concreto de que se trate, pues para fines generales, o cuando se trate de obtener declaratoria de herederos, debe acudirse a la Ley de Procedimientos Legales Especiales que establece el modo y forma de obtenerla.

Al solicitarse por los recurrentes que se inscriba a su favor la finca que les fuera adjudicada en la sentencia, finca que permanece aún inscrita a nombre de Esteban Rivera, quien la adquirió estando casado con Francisca Cintrón Nieves, no están pretendiendo los recurrentes que al reconocimiento que hiciera el tribunal a quo del carácter en que comparecieron en la acción reivindicatoria se le dé eficacia con relación a personas que no fueron partes en dicha acción.

---

(³) En uno de sus alegatos dice el recurrido que los recurrentes justificaron su calidad de herederos, pero no que fueran los únicos herederos. No estamos conformes con esta manifestación en virtud de las conclusiones de hecho en que se basa la sentencia dictada en la acción reivindicatoria.

Tampoco pretenden usar la justificación del referido carácter para fines generales, como sería el caso si trataran de obtener la inscripción de una finca o propiedad que perteneció a Esteban y Francisca, pero distinta de aquella que fué objeto de la acción reivindicatoria. Lo que interesan es que se inscriba a su nombre la misma finca que reivindicaron, y que se practique tal inscripción como consecuencia de la acción en que triunfaron y por razón de la sentencia dictada en dicho litigio.

Cuando hemos dicho en nuestras decisiones que la justificación del carácter de heredero en una acción contenciosa sin mediar declaratoria de herederos, sólo tiene eficacia para los efectos de la acción, y con relación a las partes en el pleito concreto de que se trate, y que para fines generales es necesario obtener una declaratoria de herederos en consonancia con las disposiciones de la Ley de Procedimientos Legales Especiales, no hemos querido establecer distinción en cuanto a la eficacia del reconocimiento con respecto a fines y efectos que estén dentro del ámbito de la acción contenciosa, o del procedimiento ex parte sobre declaratoria de herederos, según sea el caso. Lo que queremos decir es que el reconocimiento del carácter de heredero hecho en acción contenciosa, sin mediar declaratoria de herederos, no puede utilizarse para fines y efectos que no surjan o provengan de la acción; en otras palabras, hemos establecido una limitación en cuanto a los fines para los cuales puede usarse tal reconocimiento, pero en modo alguno en lo que se refiere al alcance y amplitud que deba tener para efectos legítimos del litigio.

La acción reivindicatoria deriva directamente del dominio, y no puede vencerse en ella si la parte actora no prueba que lo tiene. La sentencia dictada a favor de los recurrentes en virtud de la cual reivindicaron la propiedad objeto de la acción reivindicatoria, lleva consigo necesariamente el reconocimiento de que son ellos los que tienen el dominio

sobre la finca a título precisamente de únicos herederos y causahabientes de herederos de Francisca Cintrón Nieves y Esteban Rivera. Rehusar inscribir la finca a nombre de los recurrentes por entender el recurrido que éstos deben presentarle declaratorias de herederos de acuerdo con la Ley de Procedimientos Legales Especiales para probar el mismo carácter que les fuera reconocido en la sentencia y sin cuya comprobación no hubieran podido vencer en la acción reivindicatoria, es negarle eficacia y alcance a dicho reconocimiento para fines y efectos de dicha acción.

En más de una ocasión nos hemos referido al valor que tiene la demostración del carácter o cualidad de herederos en un procedimiento contencioso. En *Soriano et al.* v. *Rexach et al.*, supra, manifestamos lo siguiente por vía de suplemento al párrafo que hemos transcrito de nuestra opinión en *Morales* v. *Landrau*, supra:

"Y por vía de suplemento al último párrafo citado debemos agregar que, a menos que esté envuelto algún elemento que dependa del tiempo y de la memoria, u otra circunstancia excepcional, no parece existir una verdadera razón por la cual la prueba documental que ha sido presentada, examinada y considerada por el abogado de la parte contraria antes de ser admitida, y las declaraciones prestadas por los testigos en el juieio sobre los méritos en cuanto a los intereses contrarios de las partes contendientes que han sido sometidas a una severa observación judicial, hecha más intensa por la lucha entre los litigantes y sujetas a la fuerte prueba de un examen de repreguntas, no deban ser consideradas como que tienen más importancia intrínseca (sic) y verdadero valor probatorio, y, por tanto, que hasta constituye una prueba mejor del hecho que trata de establecerse, que la mera copia certificada de una orden que ha sido registrada en un procedimiento ex parte, sobre declaratoria de herederos, en el que no hay la misma oposición a la admisión de documentos y solamente son examinados por su abogado o por la corte, las partes interesadas en establecer el hecho, y sus testigos, sin ninguna intervención de parte contraria."

En *Ginorio* v. *Registrador*, supra, expusimos igual criterio diciendo que "es evidente que en un procedimiento contencioso los demandados o quizá aun los demandantes, según sea el caso, pueden tener interés en oponerse o no oponerse a las alegaciones de ciertas personas que sostienen ser los herederos de cierto supuesto predecesor. Un juicio de esta índole, sobre la cuestión de la condición de herederos, sería uno de los mejores modos de determinar tal hecho".

Si resolviéramos que los recurrentes tienen que demostrar al recurrido el carácter en el que comparecieron y vencieron en la acción reivindicatoria, mediante la prueba que éste les exige, el valor de la doctrina establecida por este Tribunal en *Morales* v. *Landrau*, supra, en *Ginorio* v. *Registrador*, supra, y en otros casos citados, quedaría circunscrita, sin justificación de orden jurídico, a la demostración y al reconocimiento del título de la parte actora en la acción reivindicatoria con el propósito de vencer al demandado, pero sin que surja de ello la consecuencia racional y lógica de poderse inscribir el título. Dicha doctrina no es susceptible de interpretación tan restrictiva y contradictoria.

█ No tiene razón el recurrido al sostener en defensa de su nota que en la sentencia no se le ordenó inscribir la finca a favor de los recurrentes. Es cierto que ello no fué ordenado expresamente, pero dicha sentencia lleva inseparablemente la presunción de que contiene la verdad jurídica de que son los recurrentes los que tienen el dominio sobre dicha propiedad por título de herencia, y por tanto, el derecho a que la misma se inscriba a su nombre. No era necesario hacer manifestación expresa de ese derecho para que subsista y se reconozca.

█ Independientemente de cuanto hemos dicho, la sentencia dictada en la acción reivindicatoria es un título inscribible. *Padilla* v. *Registrador*, 39 D.P.R. 532.[4] Lo es

---

[4] En *Padilla* v. *Registrador*, supra, se adjudicó a la demandante una finca que reclamó en acción reivindicatoria en la que probó su cualidad de heredera, sin presentar declaratoria de herederos obtenida de acuerdo

por su naturaleza y por la naturaleza de la acción en que recayó. Dicha sentencia, que es ejecutoria, es inscribible a tenor de las disposiciones de los artículos 2 y 3 de la Ley Hipotecaria. (⁵)

■■ Procedemos a dar nuestra atención a la parte de la nota en la que el recurrido exige la presentación de los recibos acreditativos del pago de la contribución de herencia, o en su defecto, prueba de exención.

Aparece de las conclusiones de hecho en que está basada la sentencia dictada en la acción reivindicatoria que Francisca Cintrón Nieves casó en primeras nupcias con Belén García, en cuyo matrimonio procrearon cuatro hijos; que al enviudar Francisca, contrajo segundas nupcias con Esteban Rivera, de cuyo matrimonio no quedaron hijos, y ya hemos dicho que estando casados adquirieron la finca que fué objeto de dicha acción. Consta igualmente de tales conclusiones que Francisca falleció en 15 de febrero de 1916, dejando como únicos y universales herederos a su viudo y a los cuatro hijos habidos en su primer matrimonio con Belén García, dos de los cuales han muerto, encontrándose sus hijos entre los recurrentes, y que Esteban casó en segundas nupcias con Celestina Rosario, en cuyo matrimonio procrearon tres hijos, que quedaron como únicos y universales herederos de Esteban al éste fallecer en 20 de febrero de 1932. Dos de los

con la Ley de Procedimientos Legales Especiales, y al referirnos a la sentencia dictada adjudicando a la demandante la propiedad objeto de la acción, dijimos: "A más de ésto, hay un título, que es la sentencia de adjudicación, que es inscribible".

(⁵) No procede discutir en esta opinión el efecto de la inscripción con relación a personas que pudieran alegar un mejor derecho hereditario que aquél que le fué reconocido a los recurrentes. Sin embargo, deseamos anotar que en *Ginorio* v. *Registrador*, supra, después de referirnos al valor del reconocimiento del carácter de heredero en acción contenciosa, dijimos lo siguiente: "Aun una determinación en ese caso sólo obligaría a las partes que intervinieron en el mismo. Otros supuestos herederos podrían aun combatirla", y que en *Méndez* v. *Martínez*, supra, refiriéndonos a la declaratoria de herederos tramitada ex parte, manifestamos que "Siendo un procedimiento ex parte, no perjudica ni excluye a cualquier otro heredero que no haya sido incluído en la misma".

recurrentes son hijos de Francisca, diez son nietos, y los otros son los hijos de Esteban.

Cuando falleció Francisca Cintrón Nieves el pago de la contribución sobre herencia se regía por las disposiciones del Capítulo III, Título IX, del Código Político aprobado en 1902. (⁶) Al fallecer Esteban Rivera eran aplicables al pago de dicha contribución las disposiciones de la Ley número 99 de 29 de agosto de 1925 (pág. 791). (⁷) No podemos determinar qué ley regía esta materia al fallecer los causantes

(⁶) El artículo primero de dicho capítulo (artículo 368) disponía lo siguiente:

"Todos los bienes inmuebles en Puerto Rico, y cualquiera participación en ellos, pertenecientes o no a habitantes de Puerto Rico; y todos los bienes muebles pertenecientes a habitantes de Puerto Rico, que, por testamento o abintestato, o por herencia o por donación cualquiera efectuada, cuya intención fuere otorgar la posesión o el usufructo después del fallecimiento del donador, se trasmitieren a cualquiera persona, sociedad, institución o corporación en fideicomiso, o con otro carácter, que no sea su esposa, hijo, nieto o persona legalmente reconocida como hijo adoptivo del fallecido, ni para el uso de uno o más de ellos, estarán sujetos a la contribución que más adelante se expresa; *Disponiéndose*, que no se cobrará contribución alguna sobre bienes que se trasmitan a un heredero, legatario o donatario determinado, si dichos bienes fuesen tasados en doscientos dollars o en menos; *Y, disponiéndose, además*, que cuando el valor de tales bienes exceda de doscientos dollars, estos doscientos dollars se rebajarán al computar la contribución sobre los bienes referidos."

(⁷) El artículo 1 de dicha Ley número 99 de 29 de agosto de 1925 leía en parte así:

". . . *Disponiéndose* que no se cobrará contribución alguna sobre bienes que se trasmitan a un heredero, legatario o donatario determinado, que no sea su cónyuge, hijo, nieto o persona legalmente reconocida como hijo adoptivo del fallecido,· si dichos bienes fuesen tasados en doscientos dólares o en menos; *Y disponiéndose, además*, que cuando el valor de tales bienes exceda de doscientos dólares, estos doscientos dólares se rebajarán al computar la contribución sobre los bienes referidos; y el restante después de hacer dichas deducciones será considerado como el valor de la manda, legado, donación o herencia; *Y disponiéndose, además*, que no se cobrará contribución alguna sobre bienes que se trasmitan a la cónyuge, hijo, nieto o persona legalmente reconocida como hijo adoptivo del fallecido, cuando el valor de tales bienes sea de mil dólares o menos; *Y disponiéndose, además*, que cuando el valor de tales bienes que se trasmitan a la esposa, hijo, nieto o persona legalmente reconocida como hijo adoptivo exceda de mil dólares, estos mil dólares se rebajarán al computar la contribución sobre los bienes referidos, y el restante después de hacer dichas deducciones será considerado como el valor de la manda, legado, donación o herencia."

de los nietos de Francisca Cintrón Nieves, toda vez que de los autos no aparece cuándo murieron.

Sostienen los recurrentes que por razón del valor de la finca reivindicada, la no presentación de recibos acreditativos del pago de contribución de herencia, o prueba justificativa de exención, no debe impedir la inscripción solicitada por ellos, y en apoyo de esta contención nos dicen que dicha propiedad fué vendida por el precio de trescientos dólares en subasta pública en el año 1917. No estamos de acuerdo. La contribución de herencia se computa tomando como base el valor de los bienes al tiempo del fallecimiento del causante, *Kessler* v. *Domenech, Tesorero*, 49 D.P.R. 196, y se fija mediante los trámites provistos en la legislación aplicable. Además, para determinar la contribución de herencia no debe atenderse a un bien determinado sino a la totalidad de los bienes relictos que han de ser declarados como lo ha exigido tradicionalmente nuestra legislación, y tasados en la forma ordenada por la ley. Una vez hecha la tasación y conocida la cuantía, es que puede saberse si procede o no el pago de contribución de herencia. *Díaz et al.* v. *El Registrador*, 20 D.P.R. 413, *Riefkohl* v. *El Registrador de Caguas*, 27 D.P.R. 369. Aparentemente, nada de ésto se ha hecho en este caso, y por tanto, desconocemos cuáles fueron los bienes relictos al fallecimiento de Francisca Cintrón Nieves, cuáles al fallecimiento de Esteban Rivera o al de los causantes de los nietos de Francisca, y desde luego, su valor o cuantía. Las manifestaciones que hacen los recurrentes en el escrito inicial presentado en este recurso en el sentido de que la única propiedad que dejara Francisca fué la mitad de la finca reivindicada, y de que la única propiedad que dejara Esteban fué la otra mitad, no puede ser aceptada en sustitución de los trámites que siempre ha exigido nuestra legislación para comprobar ciertos hechos que son de imprescindible necesidad para que se pueda resolver si procede o no el pago de la contribución de herencia.

 Aducen los recurrentes, como motivo adicional para que se revoque aquella parte de la nota recurrida que es objeto de discusión, que de acuerdo con el artículo 368 del Código Político de 1902, artículo primero del Capítulo III, Título IX de dicho Código, así como de acuerdo con las disposiciones de la Ley número 99 de 29 de agosto de 1925, los bienes heredados por los hijos estaban exentos por ministerio de ley del pago de contribución de herencia, independientemente del valor o cuantía de los bienes, y que dicha exención se extendía tanto a bienes heredados del padre, como a bienes heredados de la madre, por lo cual, el no presentar recibos acreditativos del pago de dicha contribución, o en su defecto, prueba de exención, no debe impedir la inscripción por ellos solicitada. En apoyo de esta contención nos citan los casos de *Rovira* v. *El Registrador*, 21 D.P.R. 415, y *Cardona* v. *El Registrador de San Germán*, 28 D.P.R. 949.

Están equivocados los recurrentes. El artículo 368 del Código Político de 1902, proveía que estaban sujetos a contribución de herencia los bienes que se trasmitieran a cualquier persona que no fuera la "esposa, hijo, nieto, o persona legalmente reconocida como hijo adoptivo del fallecido". La exención contributiva en cuanto a bienes heredados por los hijos era aplicable a bienes heredados del padre y no a aquellos que se heredaran de la madre.[8] La Ley número 99

[8] Las disposiciones de los artículos 368 y 369 del Código Político de 1902 eran iguales a las de las secciones 94 y 95 de la Ley de Rentas de 31 de enero de 1901. El Procurador General Sr. Harlan en su opinión emitida en 18 de julio de 1902, interpretando las secciones que acabamos de mencionar de la Ley de Rentas aprobada en dicho año, se expresó así:

"En contestación a vuestra comunicación del 12 del corriente, en la que me pedís una interpretación de las secciones 94 y 95 de la Ley de Rentas, respecto a la valoración, con el fin de aplicar el impuesto sobre herencia, de dos participaciones en la finca de Andrea Alméstica y Espinosa, de Vieques, tengo el honor de informaros que, después de un examen detenido de las dos secciones, la exención contenida en la primera sección parece referirse a los bienes dejados por el marido a beneficio de su esposa, hijo, nieto o persona legalmente 'reconocida' como hijo adoptivo; mientras la disposición afirmativa contenida en la última sección se refiere al legado o herencia dejado por la esposa.

"El caso a que se refiere vuestra comunicación está comprendido

de 29 de agosto de 1925, no concedía exención total o absoluta, aun tratándose de bienes heredados del padre. Disponía en el artículo primero que no se cobraría contribución de herencia sobre bienes que se "trasmitan a la cónyuge, hijo, nieto o persona legalmente reconocida como hijo adoptivo del fallecido, cuando el valor de tales bienes sea de mil dólares o menos." En vista de lo expuesto, bienes heredados por los hijos de Francisca Cintrón Nieves no están exentos del pago de contribución de herencia por razón de su carácter de hijos. Tampoco lo están los trasmitidos a los hijos de Estebas Rivera, toda vez que, según hemos expuesto, la exención concedida por la Ley número 99 de 29 de agosto de 1925, en cuanto a bienes heredados del padre, estaba limitada a bienes cuyo valor no excediera de mil dólares, y no tenemos en este caso base alguna para determinar si existe exención contributiva por razón del valor o cuantía de los bienes. En lo que respecta a los causantes de los nietos de Francisca Cintrón Nieves, basta repetir, que por no aparecer de autos

en la sección 95, y tratándose de un legado de una madre a sus descendientes directos, las participaciones que han pasado a los mismos, ya sean éstos legítimos o ilegítimos, están sujetos al impuesto establecido en aquella sección. Síguese de aquí, pues, que un hijo natural reconocido recibe un legado bajo la sección 95 sujeto al impuesto previsto en la misma. Por la sección 94 la propiedad dejada a un hijo natural 'reconocido' por su padre en testamento, está exceptuada del impuesto sobre herencia.

"En otras frases, es evidente que en esas dos secciones la Legislatura hace una distinción entre la muerte del marido y la muerte de la esposa. A la muerte del primero, que es generalmente el que proporciona el sustento a la familia, la Legislatura no requiere el pago del impuesto de herencia sobre los bienes que deja a su familia, aparentemente basándose en el principio de que la pérdida de su protección por parte de su familia es motivo bastante para la exención de esa familia del pago del impuesto. Por otra parte, en la sección 95 el objeto aparente de la Legislatura fué imponer una contribución sobre los bienes que pasasen al marido y descendientes directos de la esposa a la muerte de ésta, basándose en la teoría de que el marido, que es el verdadero sostén de la familia, puede aun mantener a ésta, pudiendo el estado con razón participar de la herencia imponiendo una contribución sobre la misma."

Véase también el artículo 368 del Código Político, según fué enmendado por la Ley 62 de 1916 (pág. 129), y el artículo 1 de la Ley 99 de 29 de agosto de 1925.

la fecha de su fallecimiento, no podemos precisar la legislación en vigor sobre el pago de contribución de herencia al tiempo de su muerte. No tenemos fundamento alguno para concluir que los bienes relictos a su fallecimiento estén exentos del pago de contribución de herencia. Es doctrina firmemente establecida que las exenciones contributivas no pueden presumirse o inferirse.

Los casos de *Rovira* v. *El Registrador*, supra, y *Cardona* v. *El Registrador de San Germán*, supra, citados por los recurrentes, son claramente inaplicables. En el primero de ellos, los únicos herederos eran los hijos y la viuda, y en el segundo, se trataba de bienes adjudicados a un hijo como heredero de su padre. En ambos estaba envuelto el artículo 368 del Código Político de 1902, tal como fuera aprobado originalmente.

 Arguyen los recurrentes, como motivos adicionales para que declaremos que el recurrido erró al exigir la presentación de los recibos acreditativos del pago de contribución de herencia o prueba justificativa de exención, primero, que no se trata en este caso de "fallo, sentencia o auto judicial autorizado, DICTADO O EMITIDO, en relación CON LA DIVISIÓN, DISTRIBUCIÓN O ENTREGA DE DICHOS BIENES," (⁹) y segundo, que el título de los recurrentes a la finca reivindicada no se deriva "del anterior dueño de la finca, ya que el de éstos es la sentencia de reivindicación". En cuanto al primero de estos motivos, que está en abierto conflicto con el objetivo que persiguen los recurrentes en este recurso, la sentencia invocada como fundamento para la inscripción que interesan, es la base para la entrega de la propiedad reivindicada. *Riefkohl* v. *El Registrador de Caguas*, supra. En cuanto al segundo, que está claramente en pugna con la teo-

---

(⁹) Nuestra legislación sobre contribución de herencia ha prohibido siempre la inscripción de instrumento alguno ni fallo, sentencia o auto judicial autorizado, dictado o emitido en relación con la división, distribución o entrega de bienes de ningún fallecido, a menos de haberse presentado el recibo o recibos creditivos del pago de la contribución.

ría de la acción reivindicatoria, es innecesario discutir las acepciones de la palabra "título". Basta con decir, que no se hubiera dictado a favor de los recurrentes la sentencia que tratan de inscribir, de no haber demostrado tener derecho a la finca reivindicada en el carácter con que la reclamaron, y en cuyo carácter les fué adjudicada en la sentencia.

*Por las razones expuestas, se revoca la nota recurrida en cuanto requiere la presentación de declaratorias de herederos y se confirma en cuanto exige la presentación de recibos acreditativos del pago de contribución de herencia, o en su defecto, prueba de exención.*