EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Isabel Acosta Lebrón y otros<br><br>     Recurrentes<br><br>          v.<br><br>Lcda. Sandra Valentín Díaz<br>Registradora de la Propiedad<br>Segunda Sección de San Juan<br><br>     Recurrida | Recurso Gubernativo<br><br>2003 TSPR 97<br><br>159 DPR _____ |

Número del Caso: RG-2003-1

Fecha: 4 de junio de 2003

Abogado de la Parte Peticionaria:
                    Lcdo. Francisco Rádinson Pérez

Abogada de la Parte Recurrida:
                    Por Derecho Propio

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Isabel Acosta Lebrón y otros

    Recurrentes

       v.

                                RG-2003-1

Lcda. Sandra Valentín Díaz
Registradora de la Propiedad
Segunda Sección de San Juan

    Recurrida

PER CURIAM

San Juan, Puerto Rico a 4 de junio de 2003

Nos corresponde determinar si la parte interesada en la inscripción de un título en el Registro de la Propiedad (en adelante Registro) puede subsanar la falta que impide la inscripción una vez se ha radicado un recurso gubernativo.

I

El 27 de agosto de 1997 se presentó para inscripción en el Registro, Segunda Sección de San Juan, la Escritura Núm. 101 de compraventa. Mediante dicha escritura la Sra. Isabel Acosta Lebrón vendió un inmueble a su hijo,

el Sr. Josep Ríos Acosta, y a la esposa de éste, la Sra. Carmen Rita Mendoza Pérez (en adelante esposos Ríos-Mendoza), por la suma de noventa y dos mil quinientos dólares ($92,500.00). En la escritura se hizo constar que la vendedora había recibido el pago con anterioridad al otorgamiento. No obstante, en realidad ésta no había recibido el precio de la compraventa ya que acordaron que los compradores le pagarían una vez gestionaran un préstamo.

Los esposos Ríos-Mendoza se vieron imposibilitados de conseguir el financiamiento necesario para realizar el pago. Así las cosas, las partes decidieron otorgar la Escritura Núm. 13 de resolución de compraventa donde hicieron constar las condiciones reales del negocio jurídico. En dicha escritura compareció el Sr. Josep Ríos Acosta, por sí y en representación de su esposa,[1] y la señora Acosta Lebrón.

Presentadas las escrituras en el Registro de la Propiedad, el 31 de enero de 2002 la Registradora, Hon. Sandra Valentín Díaz, notificó un defecto que impedía la inscripción y expuso:

> Deberá explicar en la escritura original que los $92,000.00 fueron recibidos. Así obra en la inscripción, ahora se indica que los cuales [sic] no fueron recibidos.

---

[1] El señor Ríos Acosta compareció en representación de su esposa en virtud de una escritura de poder general.

La señora Acosta Lebrón radicó un escrito de recalificación el 12 de febrero de 2002. El 31 de enero de 2003 la Registradora notificó una nueva falta:

> Con vista a su Escrito de Recalificación le notifico nuevas faltas:

> 1. No hay mandato para la Resolución de la Compraventa. Art. 1604 Código Civil de Puerto Rico.

La señora Acosta Lebrón radicó un recurso gubernativo el 19 de febrero de 2003. La Registradora compareció aduciendo que este Tribunal carecía de jurisdicción para entender en el recurso porque la parte recurrente no había presentado un escrito de recalificación ante la segunda notificación de falta y, por ende, el recurso gubernativo era prematuro. La Registradora alegó, además, que la parte recurrente debió radicar un escrito de recalificación para darle la oportunidad de reconsiderar la calificación dentro del término de treinta (30) días establecido en la Ley Hipotecaria y que debió esperar hasta que se anotara preventivamente la denegatoria de la inscripción para acudir ante este Tribunal.

Mediante Resolución de 14 de marzo de 2003, denegamos la solicitud de desestimación radicada por la Registradora y le concedimos un término de veinte (20) días para presentar su oposición. El 31 de marzo de 2003 ésta compareció solicitando una prórroga para radicar su escrito.

El 9 de abril de 2003 la Registradora radicó una moción donde adujo que el 19 de marzo de 2003 se había presentado para inscripción la Esc. Núm. 13 de ratificación otorgada por la Sra. Carmen Rita Mendoza Pérez y que con la presentación de dicha escritura quedaba subsanada la falta. Además, expuso que la representación legal de la parte recurrente le manifestó mediante carta que estaba dispuesta a desistir del recurso una vez se realizara la inscripción. La Registradora solicitó en su moción que le permitamos llevar a cabo la inscripción de la escritura que subsanará la falta señalada y que se desestime el presente recurso. La parte recurrente radicó una moción el 14 de abril de 2003 dando su anuencia a que se lleve a cabo la inscripción.[2]

---

[2] La parte recurrente se reiteró en lo expuesto a la Registradora mediante carta de 25 de febrero de 2003 donde el Lcdo. Francisco Rádinson Pérez, notario autorizante de la escritura de resolución de compraventa, señaló:

> [E]stoy haciendo gestiones con doña Carmen Rita Mendoza Pérez, quien vive en... Texas, pero creo que puede viajar a Puerto Rico, para que otorgue una Escritura de Rectificación que sustituirá el poder y que avalaría y/o ratificaría la transacción y entonces la escritura número 13 de Resolución de Compraventa autorizada por mí el día 28 de abril de 1997 podría entrar sin dificultad. Si ello es bueno para usted, le agradeceré me lo comunique por escrito a mi fax y entonces me comprometo a desistir del recurso instado ya que mi interés es que dicha escritura tenga acceso al Registro....

Con el beneficio de la comparecencia de las partes estamos en posición de resolver y procedemos a así hacerlo.

II

El principio de legalidad vigente en nuestro ordenamiento exige que los títulos que gocen de la protección que confiere la inscripción en el Registro sean válidos y perfectos. A tenor con tal principio, se ha delegado a los Registradores de la Propiedad la facultad de calificar los títulos cuya inscripción se solicite. Art. 63 Ley Hipotecaria de 1979, 20 L.P.R.A. § 2267; *Cabrer v. Registrador*, 110 D.P.R. 424, 429-430 (1982). En el supuesto de que la calificación sea favorable porque no se encuentren faltas en el título presentado, el Registrador procederá a llevar a cabo la inscripción solicitada.

Sin embargo, puede ocurrir que la calificación sea desfavorable y se notifique alguna falta en el título. En tales circunstancias, la parte interesada en la inscripción puede radicar un escrito de recalificación dentro del término improrrogable de veinte (20) días contados a partir de la notificación de la falta. Art. 70 de la Ley Hipotecaria de 1979, 30 L.P.R.A. § 2273.[3]

_____

[3] En caso de optar por no solicitar la recalificación, la parte interesada en la inscripción,

Una vez solicitada la recalificación del título, el Art. 76 de la Ley Hipotecaria, 30 L.P.R.A. § 2279, faculta a la parte interesada en que se lleve a cabo la inscripción a recurrir ante este Tribunal contra la calificación final efectuada por el Registrador, bien porque se haya denegado la inscripción o porque no se le haya reconocido a un título todo su valor y efecto legal.

El propósito del recurso gubernativo es darle oportunidad a la parte interesada en una inscripción para impugnar la calificación llevada a cabo por el Registrador. A su vez permite que este Tribunal determine la existencia o no de las faltas aducidas. Rivera Rivera, *supra*, en las págs. 303-304. En *Housing Inv. Corp. v. Registrador*, 110 D.P.R. 490, 501 (1980), señalamos:

> La jurisdicción gubernativa de este Tribunal, a falta de una Dirección General de Registros con esa facultad, es de **amplia competencia** para una vez el recurso esté propiamente ante nuestra consideración, conocer de y resolver de un todo el conflicto registral, ilustrando tanto al recurrente como al Registrador sobre cuál sea el curso registral correcto de los documentos pendientes de inscripción. Con ese método preceptivo aligeramos la solución total de la discrepancia, le impartimos eficacia a nuestra intervención; y nada malo hay en que evitemos una segunda o tercera confrontación entre parte y Registrador. (Énfasis suplido.)

---

también podría desistir y retirar el documento, consentir las faltas e intentar su corrección o no actuar y dejar caducar el asiento de presentación. Luis Rafael Rivera Rivera, *Derecho registral inmobiliario puertorriqueño*, Jurídica Editores, 2000, pág. 297.

Con el anterior trasfondo doctrinal, pasemos a determinar si procede que ordenemos la desestimación del recurso por haber sido subsanada la falta que dio lugar al mismo.  En el presente caso, la señora Acosta Lebrón acudió ante este Foro luego de haber radicado un escrito de recalificación y de habérsele notificado una nueva falta por la Registradora.[4]  Pendiente el recurso, fue presentada ante el Registro una escritura de rectificación que subsana la falta aducida por la Registradora a los efectos de que el señor Ríos Acosta carecía de mandato para representar a su esposa en un acto de enajenación.[5]  La Registradora ha comparecido aceptando que la falta ha quedado subsanada.  Por otro lado, la parte recurrente, señora Ríos Acosta, ha manifestado su interés en desistir del recurso ya que su objetivo es que se lleve a cabo la inscripción de la escritura de resolución de compraventa, de manera que conste a su nombre la titularidad del inmueble.

No encontramos en la Ley Hipotecaria, su Reglamento, ni en la jurisprudencia, disposición alguna que prohíba a

---

[4]    Aunque la Registradora no llevó a cabo una anotación de denegatoria de inscripción luego de haberse radicado el escrito de recalificación, la notificación de la segunda falta constituye a todas luces una denegatoria. *Rivera v. Registrador*, 74 D.P.R. 127, 132 (1952).

[5]    Conviene señalar que la primera falta no fue cometida ya que tanto en la escritura de compraventa como en la de resolución de compraventa se hizo la correspondiente correlación de la transacción y en ambas se estableció que el precio del inmueble era noventa y dos mil quinientos ($92,500.00) dólares.

la parte interesada en la inscripción subsanar la falta señalada por el Registrador una vez se ha radicado un recurso gubernativo. Ante la ausencia de tal prohibición, resolvemos que la parte con interés en la inscripción puede subsanar dicha falta. En tales circunstancias, se entenderá que la parte recurrente ha consentido la falta tácitamente, ya que ha decidido corregirla. Además, se entenderá que dicha parte ha perdido el interés en que este Tribunal se pronuncie sobre la existencia o no de las faltas aducidas. Por otro lado, la subsanación conllevará la pérdida del interés por parte del Registrador de sustentar la calificación impugnada ya que lo único que le restará por hacer es calificar los documentos presentados para la subsanación. La ausencia de interés del Registrador resulta más patente cuando éste acepta que la falta ha quedado subsanada y que procede la inscripción, como ha ocurrido en el caso de autos.

Derrotado el fin último del recurso gubernativo, que es impugnar la calificación y determinar la existencia de la falta señalada, el remedio adecuado es la desestimación para permitirle al Registrador que lleve a cabo la inscripción. Al ejercer una vez más la amplia competencia de este Foro en lo concerniente a los recursos gubernativos, conviene recordar nuestros pronunciamientos en *Housing Inv. Corp. v. Registrador*, *supra*, en la pág. 502: "[l]a indebida restricción de la

jurisdicción gubernativa de este Tribunal, además de recortar su utilidad, va contra la naturaleza jurídica de este tipo de recurso, y contra la norma general de usar la competencia de los organismos de decisión para resolver, y no para posponer decisiones".

En virtud de lo anterior, resolvemos que al haberse consentido y subsanado la falta en el recurso de epígrafe, procede que ordenemos su desestimación para permitirle a la Registradora que lleve a cabo la inscripción solicitada.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Isabel Acosta Lebrón y otros

    Recurrentes

        v.

                                RG-2003-1

Lcda. Sandra Valentín Díaz
Registradora de la Propiedad
Segunda Sección de San Juan

    Recurrida

SENTENCIA

San Juan, Puerto Rico a 4 de junio de 2003

Por los fundamentos expuestos en la Per Curiam que antecede se desestima el recurso gubernativo interpuesto y se ordena a la Registradora que lleve a cabo la inscripción solicitada.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Hernández Denton y Rivera Pérez disienten por entender que esta Curia no tiene jurisdicción para adjudicar el presente recurso gubernativo. Ello, en vista que la peticionaria de autos no presentó un escrito de recalificación ante la segunda notificación de falta, a tenor con lo dispuesto en el Art. 70 de la Ley Hipotecaria, por lo que el recurso gubernativo presentado ante nos es improcedente. Estimamos además que la controversia de epígrafe se tornó académica en el momento que la parte peticionaria subsanó la falta notificada dentro del término dispuesto por ley para ello. Los Jueces Asociados señores Rebollo López y Fuster Berlingeri no intervinieron.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo