

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Distribuidores Unidos de Gas de Puerto Rico, Inc.<br><br>Peticionario<br><br>v.<br><br>Marisol Marchand Castro Registradora de la propiedad Sección Primera de San Juan<br><br>Recurrida | Certiorari<br><br>2013 TSPR 43<br><br>188 DPR \_\_\_\_ |

Número del Caso: RG-2011-02

Fecha: 10 de abril de 2013

Abogado de la Parte Peticionaria:

      Lcdo. José R. Gómez Alegría

Abogado de la Parte Recurrida:

      Lcdo. Marisol Marchand Castro
      Registradora de la Propiedad

Materia: Derecho Registral – Aplicación y alcance del Art. 58.1 del Reglamento para la Ejecución de la Ley Hipotecaría y del Registro de la Propiedad.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Distribuidores Unidos de Gas
de Puerto Rico, Inc.
       Peticionario

                                      Recurso
                         RG-2011-02    Gubernativo

       v.

Marisol Marchand Castro
Registradora de la Propiedad
Sección Primera de San Juan
       Recurrida

Opinión del Tribunal emitida por la Jueza Asociada señora FIOL MATTA

En San Juan, Puerto Rico, a 10 de abril de 2013.

Nos corresponde determinar si, conforme al principio de prioridad registral, procedía la cancelación de una hipoteca por prescripción o el registro de una anotación preventiva de la demanda que se presentó con posterioridad a la solicitud de cancelación de esa hipoteca. Al hacerlo, aclararemos la aplicación y el alcance de la enmienda realizada al Artículo 58.1 del Reglamento para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad.[1] Consideraremos si pueden presentarse las fotocopias de unas Resoluciones de Declaratorias de Herederos

_____

[1] Art. 58.1, Reglamento para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. 870.208

que han sido certificadas por el Secretario del Tribunal como documentos complementarios de una instancia de cancelación de hipoteca.

I

El 20 de abril de 1990, los esposos Carlos Manuel Declet Meléndez y Gloria Jiménez Vega suscribieron tres pagarés hipotecarios vencederos a la presentación para asegurar la suma de $130,000 que adeudaban a Distribuidores Unidos de Gas de Puerto Rico, Inc. (en adelante "Distribuidores Unidos") por concepto de venta de gas fluido. Cada uno de estos pagarés hipotecarios se aseguró con sendas hipotecas voluntarias que se constituyeron sobre distintas propiedades de las cuales los esposos figuraban como titulares registrales. Estas hipotecas se otorgaron el 20 de abril de 1990 y fueron inscritas el 22 de mayo de 1990.

Posteriormente, los deudores incumplieron el pago de la obligación y  fueron demandados por Distribuidores Unidos mediante acción en cobro de dinero, presentada el 19 de junio de 2009 ante el Tribunal de Primera Instancia, Sala Superior de San Juan.[2]

En este recurso, que consta de una sola página, Distribuidores Unidos se limitó a reclamar que los esposos Declet Meléndez y Jiménez Vega adeudaban la cantidad de $148,809.45 por concepto de la venta de gas fluido. Señaló

---

[2] El peticionario no incluyó copia de la demanda original presentada en junio de 2009 en su Recurso Gubernativo. Se obtuvo copia de la demanda a través del Tribunal de Primera Instancia.

que la deuda estaba vencida, que era líquida y exigible y que no había sido pagada a pesar de las gestiones realizadas.[3]

El 4 de agosto de 2010, Carlos Manuel Declet Jiménez y Carlos Antonio Declet Jiménez, herederos universales de los esposos Declet Meléndez y Jiménez Vega, suscribieron y juramentaron una instancia ante el notario público Luis R. Rivera Medina mediante el testimonio número 815. Por medio de esta instancia, los herederos solicitaron a la Registradora de la Propiedad la cancelación de la hipoteca que gravaba la Inscripción 13 de la finca 5182, inscrita al folio 164 del tomo 450 de Santurce Norte.[4] Fundamentaron su solicitud en los Artículos 145 y 180 de la Ley Hipotecaria, a los efectos de que la inscripción de la hipoteca había prescrito por haber transcurrido veinte años desde su constitución.[5] Esta instancia fue presentada

---

[3] En esta demanda sólo figuraban como demandados Carlos M. Declet Jiménez, Lydia Esther Palm y la Sociedad Legal de Gananciales, compuesta por ambos. Declet Jiménez, en conjunto con Carlos Antonio Declet Jiménez son los herederos universales de los titulares registrales, el señor Declet Meléndez y la señora Jiménez Vega. *Véase* Distribuidores Unidos v. Declet Jiménez, K CD-2009-2366.

[4] *Véase* la nota al calce número 3. Los herederos solicitaron la cancelación de la tercera hipoteca, que fue otorgada por los esposos Declet Meléndez y Jiménez Vega.

[5] Arts. 145 y 180, Ley Hipotecaria de Puerto Rico, 30 L.P.R.A. secs. 2469 y 2576.

en el Registro de la Propiedad el 12 de agosto de 2010.[6] Como documentos complementarios, se presentaron fotocopias no certificadas de las Resoluciones de Declaratoria de Herederos certificadas por el Secretario del Tribunal.

El 3 de diciembre del 2010, Distribuidores Unidos enmendó la demanda en cobro de dinero para acumular la acción de ejecución de hipoteca.[7] Sin embargo, no presentó una Solicitud de Anotación Preventiva de Demanda en el Registro hasta el 1 de febrero de 2011.[8]

El 31 de marzo del 2011, la Registradora de la Propiedad, la licenciada Marisol Marchand Quintero, procedió con la calificación de los asientos según el orden en que se presentaron. Ese mismo día extendió la nota de cancelación de hipoteca por prescripción al margen de la Inscripción 13 y denegó la inscripción de la anotación preventiva de la demanda puesto que la hipoteca ya había sido cancelada por un documento anterior.

El 7 de abril de 2011, la Registradora notificó el defecto que impedía la inscripción de la anotación preventiva de la demanda y expuso:

---

[6] Esta instancia fue presentada en el Registro de la Propiedad de San Juan, Sección Primera y se inscribió en el asiento 580 del libro 1094 del Diario de Operaciones.

[7] Además, se añadió a la sucesión de Manuel Declet y Jiménez Vega como partes demandadas.

[8] La misma se presentó al Asiento 1144 del libro 1095 del Diario de Operaciones.

> El documento ante nuestra consideración no procede debido a que la hipoteca a la cual se hace referencia fue cancelada por prescripción con anterioridad al documento presentado. Favor de retirar.[9]

El 27 de abril de 2011, Distribuidores Unidos presentó su escrito de recalificación. Alegó que cuando la Registradora inscribió la cancelación de la hipoteca, en el Registro constaba la interposición de la demanda en cobro de dinero y ejecución de la hipoteca cuya cancelación se solicita. Distribuidores Unidos adujo que esta demanda era una reclamación judicial y que por lo tanto había interrumpido el término prescriptivo de la hipoteca. Así también, objetó la inscripción de la cancelación de la hipoteca y solicitó nuevamente a la Registradora que inscribiera la anotación preventiva de demanda.

La Registradora rechazó este argumento y procedió a inscribir en el asiento la anotación preventiva de denegatoria. En respuesta, y dentro del término establecido por el Artículo 77 de la Ley Hipotecaria, el licenciado José R. Gómez Alegría, en representación de Distribuidores Unidos, presentó este recurso gubernativo.[10] Así también, la Registradora elevó el expediente del caso ante nuestra consideración.

---

[9] Recurso Gubernativo, Apéndice IV, pág. 31.

[10] Art. 77, Ley Hipotecaria de Puerto Rico, 30 L.P.R.A. sec. 2280.

Los señalamientos de error de Distribuidores Unidos pueden resumirse de la siguiente forma:

1. Erró la Registradora al entender que la hipoteca estaba prescrita y que por lo tanto procedía anotar la cancelación de la hipoteca y denegar la inscripción de la anotación preventiva de demanda.

2. Erró la Registradora al proceder con la cancelación de la hipoteca puesto que, tras la presentación de la instancia de cancelación de hipoteca pero antes de la cancelación, constaba en el Registro la solicitud de anotación preventiva de demanda en cobro de dinero y ejecución de hipoteca.[11]

3. Erró la Registradora al inscribir la instancia en la cual se solicitaba la cancelación de la hipoteca una vez que los documentos complementarios que la acompañaron eran fotocopias de las resoluciones sobre declaratorias de herederos que no estaban certificadas por Secretario del Tribunal y, por lo tanto, carecían de autenticidad.

Con el beneficio de ambas comparecencias, pasamos a resolver.

II

El propósito del Registro de la Propiedad es salvaguardar la certeza del tráfico económico inmobiliario. Esto se logra mediante la publicidad ante terceros de aquellos derechos que constan inscritos en el propio Registro. Recientemente, reiteramos la importancia de esta institución en nuestro País, refrendando lo expuesto por el tratadista Vázquez Bote en cuanto a que

---

[11] Alega Distribuidores Unidos que la interposición de la demanda en junio de 2009 "interrumpió el plazo prescriptivo que dispone la ley y que, por ende, la hipoteca objeto de la solicitud de cancelación no había prescrito". Recurso Gubernativo, pág. 4.

"un buen Registro de la propiedad, cuyo contenido es la expresión más fiel y posible de la realidad inmobiliaria, [es un] instrumento magnífico, y muy económico, ante la perspectiva del desarrollo de un país".[12]

Para cumplir con esta función, se ha limitado la jurisdicción del Registrador a aquellos documentos y derechos que sean llevados ante su consideración. Se ha mantenido el interés de separarla de las funciones tradicionalmente ligadas a los foros judiciales. A estos efectos, Roca Sastre afirma que "no hay nada en el procedimiento de inscripción y, por tanto, en la calificación registral, que se asemeje a la jurisdicción contenciosa y mucho que se le parece a la jurisdicción voluntaria".[13] Otros tratadistas, como Morell y Terry, desarrollan este planteamiento aludiendo a que:

> El Registrador concede o niega el derecho, no como resultado de una contienda entre partes, no, por tanto, ejerciendo funciones verdaderamente judiciales, sino en una especie de acto de jurisdicción voluntaria, por imposición legal, y al solo efecto de admitir, denegar o suspender la inscripción. Su decisión es ejecutoria, sólo en el caso de que los interesados se conformen con ella, pues, de otro modo, la cuestión ha de decidirse gubernativamente por sus superiores jerárquicos,

---

[12] E. Vázquez Bote, Sentido de la reforma hipotecaria en Puerto Rico, Tesis Doctoral en Derecho, San Juan, 1972, pág. 107. Véase Sánchez Díaz v. ELA, 181 D.P.R. 810,830 (2011).

[13] Roca Sastre, discutido en J.M. Chico y Ortíz. Teoría, práctica y fórmula de la calificación registral. Madrid, Marcial Pons, 1977, pág. 47.

o, en definitiva, por las autoridades de orden judicial.[14]

Este principio subyace a nuestro esquema de calificación registral. Permite al Registrador gozar de autonomía ante los procesos judiciales, al tiempo que evita que este funcionario pase a ser un adjudicador de materias contenciosas. La jurisdicción voluntaria fomenta la movilidad de los trámites del Registro, en atención a aquellos documentos que las partes interesadas presentan ante la consideración del Registrador.

Distribuidores Unidos alega que la Registradora debe tomar conocimiento de que la anotación preventiva de demanda, que surge de la demanda enmendada, se refiere necesariamente a la demanda original, por lo que las enmiendas tuvieron efecto retroactivo.[15] Conforme a este razonamiento, la Registradora no podría entender que la acción hipotecaria estaba prescrita y tendría que rechazar la inscripción de la cancelación de hipoteca. Puesto que este planteamiento está fuera de la jurisdicción voluntaria del Registro y pertenece a la exclusiva

---

[14] J.M. Chico, *op. cit.*, pág. 48.

[15] Sin embargo, Distribuidores Unidos no incluyó copia de la demanda original al presentar la Solicitud de Anotación Preventiva de Demanda ante el Registro en febrero de 2011. Tampoco hizo alusión a la demanda original en la demanda enmendada. Añade la Registradora: "La parte recurrente no precisa el día ni el mes de la demanda original ni tampoco incluyó copia de la misma con la copia de la demanda enmendada que presentó en el Registro, ni con su Escrito de Recalificación, ni con su Recurso Gubernativo." Alegato de la Registradora, pág. 12.

jurisdicción de los tribunales, actuó correctamente la Registradora al rechazarlo.

La pretensión de Distribuidores Unidos obligaría a la Registradora a inmiscuirse en materias contenciosas que no le corresponden. Además, implica restarle autonomía a la figura del Registrador de la Propiedad en tanto su función estaría subordinada a trámites judiciales que no se han traído ante su consideración.

## III

La calificación es piedra angular del principio de legalidad, fundamental para nuestro sistema inmobiliario registral. Este Tribunal ha reiterado que la calificación es un proceso que

> exige del Registrador un juicio de crítica jurídica sobre la validez y eficacia de los negocios jurídicos contenidos en los documentos presentados, a través de la cual se logra que sólo tengan acceso al Registro los títulos que cumplan con las exigencias legales.[16]

De esta manera, el Registrador evalúa cautelosamente los documentos que son presentados en el Registro y se asegura de que estos sean válidos y perfectos. Esta función es cónsona con el interés de salvaguardar la certeza del tráfico jurídico de los inmuebles mediante la constancia clara en el Registro.

---

[16] Popular Mortgage v. Registrador, 181 D.P.R. 625, 632 (2009); Rigores v. Registrador, 165 D.P.R. 710, 719-720 (2005), Alameda Tower Associates v. Muñoz Román, 129 D.P.R. 698, 706 (1992).

El proceso de calificación no es arbitrario. Además de la extensa regulación procesal dispuesta en la Ley Hipotecaria y el Reglamento Hipotecario, la calificación debe tener como norte el cumplimiento con los principios cardinales del derecho registral puertorriqueño. La máxima "primero en tiempo, primero en derecho" ha sido incorporada a nuestro sistema registral mediante el principio de prioridad. Este principio dispone que los documentos presentados y pendientes de inscripción se califiquen según el estricto orden en que llegaron al Registro.

La extensión del asiento de presentación, acto estrechamente ligado al principio de prioridad, permite hacer constar el momento preciso en que los documentos fueron presentados en el Registro de la Propiedad. El Artículo 34 de la Ley Hipotecaria dispone que:

> El Registro llevará un libro o sistema de ordenamiento diario donde se hará constar la presentación de los documentos por orden cronológico, fecha, hora exacta, número de presentación y demás particularidades […].[17]

El asiento de presentación cumple una función dual. Primeramente, garantiza a quien presenta el documento en el Registro que, si cumple cabalmente con el proceso de calificación, su derecho constará inscrito a partir de la fecha de presentación. A estos efectos, el Artículo 53 de

---

[17] Art. 34, Ley Hipotecaria de Puerto Rico, 30 L.P.R.A. sec. 2154.

la Ley Hipotecaria establece que "[l]os títulos inscritos surtirán efecto en cuanto a terceros desde la fecha de su inscripción".[18] Así también, dispone que "[s]e considerará como fecha de inscripción para todos los efectos que ésta deba producir, [...] la fecha de presentación que deberá constar en la inscripción misma".[19]

Segundo, el asiento de presentación advierte a terceros sobre la posibilidad de que la inscripción de los documentos posteriormente presentados sea denegada por contener derechos incompatibles a los de la primera presentación. En Gasolinas de Puerto Rico v. Registrador, y en referencia a lo expuesto por Roca Sastre, habíamos expresado que cónsono con el principio de prioridad,

> los actos registrables que primero ingresen al Registro de la Propiedad gozarán de una preferencia (ya sea excluyente o prelativa) sobre cualquier otro acto presentado con posterioridad, aunque el último acto presentado fuese de fecha anterior (*prior tempore potior iure*).[20]

Doctrinalmente, el efecto de excluyente o preferente que tiene la presentación de un documento lleva a distinguir

---

[18] Art. 53, Ley Hipotecaria de Puerto Rico, 30 L.P.R.A. sec. 2256.

[19] *Id.*

[20] Gasolinas de Puerto Rico v. Registrador, 155 D.P.R. 652, 675 (2001). *Véase* además, R.M. Roca Sastre, Derecho hipotecario: fundamentos de la publicidad registral, 8va ed., Barcelona, Ed. Bosch, 1995, pág. 1.

entre los títulos anticipados y los rezagados.[21] Los títulos anticipados son aquellos que logran acceso al Registro, mientras que los segundos son rezagados por ser opuestos o incompatibles con el ya presentado. El momento de presentación del título en el Registro es el factor decisivo para otorgar esta preferencia excluyente o de superioridad de rango del derecho objeto del título presentado.[22] Esto se recoge en el Artículo 56 de nuestra Ley Hipotecaria, en cuanto establece que:

> Inscrito o anotado previamente en el Registro cualquier documento mediante el cual se constituyan, transmitan, modifiquen o extingan derechos reales sobre un bien inmueble, no podrá inscribirse o anotarse ningún otro de igual o anterior fecha que se le oponga o que sea incompatible, por el cual se transmita o grave dicho inmueble.
>
> Si sólo se hubiera extendido el asiento de presentación, tampoco podrá inscribirse o anotarse ningún otro título de la clase antes expresada durante el plazo que dure dicho asiento de presentación; y en todo caso, se estará a lo que se resuelva sobre la situación registral del título que primero se presente.[23]

No obstante, debe señalarse que aun cuando en la extensión de asientos de presentación existe "un saludable grado de automatismo dictado por la cronología […]", este

---

[21] L. Rivera Rivera. <u>Derecho Registral Inmobiliario Puertorriqueño</u>, 2da ed., San Juan, Jurídica Eds., 2002, págs. 189-190.

[22] R.M. Roca Sastre, <u>Derecho hipotecario: fundamentos de la publicidad registral Tomo II</u>, 8va ed., Barcelona, Ed. Bosch, 1995, pág. 3.

[23] 30 L.P.R.A. sec. 2259.

proceso se encuentra subordinado "a la prueba depuradora de la calificación en la que se cumplen los principios de legalidad y tracto sucesivo".[24] El principio de prioridad obliga al Registrador a que, de presentarse derechos mutuamente excluyentes, proceda a inscribir el que fue presentado en primer lugar. Esto, claro está, siempre que el derecho presentado cumpla con los principios de calificación registral.

IV

Aduce la Registradora que la hipoteca estaba prescrita por el transcurso de más de veinte años desde su constitución sin que se hubiera interrumpido el término prescriptivo. Entiende que la demanda enmendada presentada el 3 de diciembre de 2010, en la cual Distribuidores Unidos acumuló la acción de ejecución de hipoteca, fue presentada tardíamente ante el Registro. En cambio, Distribuidores Unidos alega que la demanda original, presentada el 19 de junio de 2009, tuvo el efecto de interrumpir el término prescriptivo de veinte años toda vez que la enmienda de las alegaciones reclamando la ejecución de la hipoteca se retrotrae a la fecha de presentación de la demanda original.[25]

---

[24] Ponce Federal Savings v. Registrador, 105 D.P.R. 486, 493 (1976).

[25] Recurso Gubernativo, pág. 6.

La prescripción de la acción hipotecaria está regulada por el Artículo 180 de la Ley Hipotecaria el cual dispone que la acción hipotecaria prescribe a los veinte (20) años, contados desde que pueda ser ejercitada con arreglo al título inscrito.[26] Por su parte el Artículo 145 establece:

> A petición de parte, autenticada ante notario, los registradores cancelarán las hipotecas que tengan más de veinte años de vencidas o, si no tuvieran vencimiento, de constituidas, siempre que concurran las circunstancias siguientes:
>
> (1) Que del Registro no conste interposición de demanda o procedimiento alguno en cobro o ejecución del gravamen hipotecario.
>
> (2) Que del Registro tampoco conste que a pesar del tiempo transcurrido, dicho gravamen se mantiene subsistente en virtud de cualquier reclamación, acto o reconocimiento que signifique la subsistencia de la hipoteca, por suspensión o interrupción de la prescripción liberatoria, u otra causa cualquiera.[27]

Por haber sido otorgada mediante pagarés vencederos a la presentación, la hipoteca en torno a la cual gira la controversia que nos ocupa no tiene fecha de vencimiento. Estas hipotecas prescriben a los veinte años de ser constituidas.[28] Es decir, el término aplicable a las

---

[26] 30 L.P.R.A. sec. 2576.

[27] Art. 145, Ley Hipotecaria de Puerto Rico, 30 L.P.R.A. 2469.

[28] Westernbank Puerto Rico v. Registrador, 174 D.P.R. 779 (2008).

hipotecas que garantizaban los pagarés hipotecarios objeto de la demanda presentada por Distribuidores Unidos comenzó a transcurrir el 8 de mayo de 1990 y, de no ser interrumpido oportunamente, prescribía el 8 de mayo de 2010.

La doctrina, fundamental en nuestro ordenamiento, señala que "[l]a prescripción extintiva tiene su fundamento en la necesidad de poner término a las situaciones de incertidumbre en el ejercicio de los derechos y en la presunción de abandono por parte de su titular".[29] Rechazamos el planteamiento de Distribuidores Unidos respecto a que la Registradora tenía el deber de tomar constancia de los procesos judiciales extra registrales. El término de prescripción de la hipoteca se había cumplido, por lo que la presentación de la instancia solicitando la cancelación del asiento por parte de la Sucesión fue oportuna.

V

Es evidente que la instancia de cancelación de hipoteca presentada por la Sucesión Declet y la anotación preventiva de demanda presentada por Distribuidores Unidos no pueden coexistir en el Registro. La instancia de cancelación de hipoteca es el mecanismo mediante el cual cualquier parte interesada puede solicitar al Registrador

---

[29] J. Puig Brutau, Caducidad, Prescripción Extintiva y Usucapión, Barcelona, Ed. Bosch, 1988, pág. 26.

que cancele la hipoteca, una vez se haya cumplido el término prescriptivo de la acción hipotecaria. Es una excepción al proceso de cancelación de hipotecas, ya que no requiere la autorización del acreedor. Mientras que la extinción del derecho inscrito surte efectos entre las partes desde que este derecho muere, para que tenga efectos ante terceros se requiere que se anule o cancele el asiento registral en el que consta tal derecho.[30] Este Tribunal ha expresado previamente que "[l]a cancelación de una hipoteca prescrita, además de extinguir su asiento registral, extingue el derecho real de hipoteca. La doctrina moderna considera que la cancelación es un derecho del deudor".[31]

Por otro lado, la anotación preventiva de demanda está regulada por los Artículos 112 y 113 de la Ley Hipotecaria.[32] Este mecanismo permite que se dé publicidad en el Registro a pleitos que podrían afectar lo relativo al dominio o a los derechos que emanen de la finca en cuestión.[33] El objetivo de la anotación preventiva de demanda

> constituye una *medida cautelar*, por estar encaminada a asegurar que cuando recaiga acaso

[30] ESJ Towers, Inc. v. Registrador, 150 D.P.R. 298 (2000).

[31] Baldrich Colón v. Registrador, 86 D.P.R. 42, 52 (1962).

[32] Arts. 112 y 113, Ley Hipotecaria de Puerto Rico, 30 L.P.R.A. secs. 2401 y 2402.

[33] Quiñones Reyes v. Registrador, 175 D.P.R. 861,870 (2009).

> sentencia, dando lugar en todo o en parte a lo pedido en la demanda anotada, pueda esta sentencia ejecutarse en las mismas condiciones o circunstancias en que la finca o derecho inscritos se encontraban cuando se planteó la instancia judicial correspondiente. *Hipotecariamente considerada,* la anotación preventiva de demanda es un *instrumento de publicidad registral* de la existencia de una causa de posible nulidad, anulación, resolución, rescisión, o de otra clase; que implique la inoperancia de lo que figure inscrito.[34]

La anotación preventiva de demanda es un asiento transitorio, que potencialmente podría convertirse en definitivo, con vigencia desde el día de su presentación.[35] Para proceder con esta anotación, se requiere que el derecho que podría resultar afectado por el pleito surja del Registro.[36] De lo contrario, no procedería su presentación por falta de tracto. Así las cosas, si se inscribe la cancelación de la hipoteca, la anotación preventiva de demanda no podría tener acceso al Registro puesto que el derecho que asegura habrá dejado de existir. En contraste, si la anotación preventiva de demanda  fuese

---

[34] R.M. Roca Sastre. <u>Derecho Hipotecario</u>, 9na ed. Barcelona, Ed. Bosch, 2009, pág. 370. Énfasis en el original.

[35] Art. 124, Ley Hipotecaria de Puerto Rico, 30 L.P.R.A. sec. 2413.

[36] Art. 122, Ley Hipotecaria de Puerto Rico, 30 L.P.R.A. sec. 2411, establece que:
> las anotaciones preventivas se practicarán en la misma forma y en el mismo lugar que las inscripciones, se señalarán con letras correlativas y contendrán las circunstancias determinadas en general para estos asientos, haciéndose constar, además, los particulares que se determinen mediante reglamento.

adecuada e idónea interrumpiría el término prescriptivo de la acción e imposibilitaría la cancelación de la hipoteca mediante la instancia.

Según las fechas que obran en el expediente, la instancia de cancelación de hipoteca fue presentada el 12 de agosto de 2010, mientras que la anotación preventiva de demanda se presentó el 1 de febrero de 2011. Distribuidores Unidos alega que aunque se presentara después de la instancia, la anotación responde al pleito iniciado en junio de 2009 y surge de una enmienda a la demanda original presentada ante el Tribunal de Primera Instancia. Por todo ello, la Registradora debía tomar conocimiento de que existía dicho pleito desde antes de presentarse la instancia. Impugna, entonces, el que la Registradora cancelara la hipoteca el 31 de marzo de 2011, cuando constaba en el Registro la presentación de la demanda enmendada. Consecuentemente, solicita que revisemos la determinación de la Registradora de proceder con la anotación de la instancia, en lugar de denegarla e inscribir la anotación preventiva de demanda.

Distribuidores Unidos se equivoca, pues, como correctamente alega la Registradora, la prioridad que concede el principio de rango no responde a la antigüedad del título, sino a la fecha de la presentación del mismo. Ha quedado establecido que

> [e]n el sistema puertorriqueño es irrelevante la fecha de constitución extrarregistral del

derecho en la determinación del momento en que se adquiere la prioridad registral. Tratándose de una fecha clandestina que no goza de publicidad, aun en los casos en que haya participado un notario en la celebración del negocio jurídico, no podrá oponerse a terceros cuando surjan controversias sobre el orden en que deban figurar los derechos en el Registro o sobre los efectos de determinadas inscripciones o anotaciones.[37]

Por lo tanto, la preferencia de un documento sobre otro no responde a la fecha de su otorgamiento sino al momento específico en que se presentó.[38]

Distribuidores Unidos alega que, al amparo del Artículo 64 de la Ley Hipotecaria, la calificación registral se extiende a los documentos presentados, los documentos complementarios, los asientos registrales vigentes y la ley.[39] La controversia respecto a la supuesta obligación de la Registradora nos obliga a indagar cuáles son esos "documentos presentados" que deben ser

---

[37] L. Rivera Rivera, *op. cit.*, pág. 197.

[38] *Id.*

[39] Art. 64, Ley Hipotecaria de Puerto Rico, 30 L.P.R.A. sec. 2267. Aquí se dispone que:

Los registradores calificarán, bajo su responsabilidad la legalidad de los documentos de toda clase en cuya virtud se solicite un asiento. Dicha calificación comprenderá las formas extrínsecas de los documentos presentados, la capacidad de los otorgantes y la validez de los actos y contratos contenidos en tales documentos. Los registradores fundamentarán su calificación de los actos y contratos a registrarse en los documentos que se presenten, los asientos registrales vigentes y las leyes.

considerados. En nuestro análisis, es forzoso remitirnos a lo expuesto anteriormente sobre el principio de prioridad y en ausencia de expresión contraria del legislador, armonizarlo con esta frase. Si la presentación debe hacerse en el Registro de la Propiedad, y será sobre estos documentos presentados que la Registradora procederá con la calificación, es forzoso concluir que dicha calificación se hará según los parámetros establecidos por la ley. Es decir, el momento exacto en que se presentó un documento al Registro siempre se mantendrá como criterio rector para establecer un rango preferente.

Concluimos que la prescripción de la acción hipotecaria y su subsecuente cancelación, impiden la inscripción de la anotación de demanda preventiva presentada por Distribuidores Unidos.

VI

El Reglamento para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad establece las normas y procedimientos necesarios para poner en vigor la Ley Hipotecaria.[40] Este reglamento fue enmendado mediante el Reglamento 7896, presentado ante el Departamento de Estado el 23 de julio de 2010. El propósito de la enmienda fue dar mayor agilidad y eficiencia a las transacciones que se realizan en el Registro. Se expuso que:

---

[40] Reglamento 2674, de 13 de julio de 1980, según enmendado.

En principio, las enmiendas van dirigidas a simplificar los procesos de presentación de documentos y la forma de llevar los distintos libros e índices bajo la autoridad de los registradores, mediante un lenguaje a tono con la realidad de los trabajos en las distintas secciones del Registro de la Propiedad. Se destaca, además, la facultad de los registradores de aceptar la presentación de certificaciones emitidas por las agencias gubernamentales y otras entidades, en original o copia.[41]

Mediante este reglamento, se enmendó el Artículo 58.1 para que leyera de la siguiente forma:

Los documentos complementarios y aquellos que acrediten el cumplimiento de formalidades requeridas, se pueden someter en original o copia y no causan un asiento de presentación en el Libro Diario; sino que acompañan el título principal.[42]

También se enmendó el Artículo 56.1 del Reglamento. En lo pertinente, éste dispone que:

Todos los documentos judiciales deberán estar certificados, en original o copia, por la secretaria del tribunal correspondiente para que puedan motivar un asiento registral, excepto los mandamientos judiciales expedidos por el secretario o el alguacil.[43]

Conforme a la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico, la enmienda al Artículo 58.1, antes transcrito, el Reglamento entró en

---

[41] Explicación breve y concisa del propósito y alcance de estas enmiendas, Reglamento para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad, Reglamento Núm. 7896 de 23 de julio de 2010. [Reglamento Hipotecario].

[42] Art. 58.1, Reglamento Hipotecario.

[43] Art. 56.1, Reglamento Hipotecario.

vigor a los 30 días de su presentación ante el Departamento de Estado.[44] Por lo tanto, fue efectivo a partir del 22 de agosto de 2010.

Distribuidores Unidos alega que la Registradora erró al aceptar que la instancia de cancelación fuera presentada acompañada con fotocopias de las resoluciones judiciales de declaratoria de herederos. Se ampara en el anterior Artículo 56.1 de la Ley Hipotecaria, que exigía que los documentos judiciales estuvieran certificados por el Secretario del Tribunal y aduce que por haberse presentado la instancia de cancelación de hipoteca el 12 de agosto de 2010, necesariamente se regía por esa disposición.[45] A esto responde la Registradora que al momento de entrar en vigor la enmienda, aún estaba pendiente la inscripción y que por lo tanto, esta instancia quedó cobijada por la enmienda. Habiéndose hecho la inscripción el 31 de marzo de 2011, la calificación de la instancia se hizo de acuerdo a la enmienda. Resolvemos que la Registradora tiene razón al concluir que son válidas las fotocopias de las resoluciones de declaratoria de heredero como documentos complementarios a la instancia solicitando la cancelación de la hipoteca.

---

[44] Ley de Procedimiento Administrativo Uniforme, 3 L.P.R.A. sec. 2169.

[45] El anterior Art. 56.1 disponía que "todos los documentos judiciales deberán estar certificados por el Secretario del Tribunal correspondiente para que puedan motivar un asiento registral, excepto los mandamientos judiciales expedidos por el Secretario o el Alguacil".

Por los fundamentos expuestos, confirmamos la cancelación de la hipoteca por prescripción, tal como fuera decretada por la Registradora de la Propiedad.

Se dictará sentencia de conformidad.


                         Liana Fiol Matta
                         Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Distribuidores Unidos de Gas
de Puerto Rico, Inc.
           Peticionario

                                            Recurso
          v.                  RG-2011-02    Gubernativo


Marisol  Marchand  Castro
Registradora de la Propiedad
Primera Sección de San Juan
           Recurrida


*SENTENCIA*


En San Juan, Puerto Rico, a 10 de abril de 2013.

     Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente Sentencia, se confirma la cancelación de la hipoteca por prescripción.

     Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal. La Juez Asociada señora Rodríguez Rodríguez emitió una Opinión de Conformidad.



                         Aida Ileana Oquendo Graulau
                         Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Distribuidores Unidos de Gas de Puerto Rico, Inc.<br><br>Peticionario<br><br>v.<br><br>Marisol Marchand Castro, Registradora de la Propiedad, Sección Primera de San Juan<br><br>Recurrida | RG-2011-02 |

Opinión de conformidad emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 10 de abril de 2013

Estoy conforme con la Opinión mayoritaria en cuanto a los efectos de presentar fotocopias de documentos complementarios no certificados por un tribunal, a la luz de la enmienda en el año 2010 al Artículo 58.1 del Reglamento General para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad, Reglamento 2674 de 13 de julio de 1980, según enmendado. Igualmente, coincido con la decisión mayoritaria de confirmar la anotación preventiva de denegatoria que extendió la Registradora recurrida.

Por otra parte, también estoy conforme con el proceder mayoritario de rechazar la solicitud del peticionario de que resolvamos una controversia que procesalmente no procede. Entiéndase, Distribuidores Unidos de Gas nos solicita que resolvamos en los méritos un asunto que no es competencia de un Registrador de la

Propiedad, sino de los tribunales, por lo que la Registradora estaba vedada a pasar juicio sobre tal asunto. Por ello, la controversia sobre la interrupción del término prescriptivo de la acción hipotecaria y la retroactividad de la demanda enmendada presentada por el peticionario, no es materia de revisión dentro del procedimiento que tenemos ante nuestra consideración. A pesar de mi conformidad con la Opinión de mayoría, sobre esto último deseo hacer unas expresiones.

I

El peticionario plantea ante esta Curia dos asuntos: uno registral y otro extraregistral. Según el recurso que atendemos hoy, debemos enfocarnos únicamente en la controversia registral. Muy certeramente, la Opinión mayoritaria atiende sólo ésta.[45]

El asunto registral ante nuestra consideración versa sobre la presentación al Registro de una instancia de cancelación de hipoteca por prescripción y la presentación de una anotación preventiva de demanda. La instancia de cancelación se presentó con anterioridad a la anotación preventiva de demanda, por lo que al calificar ambos documentos la Registradora Marisol Marchand extendió nota de cancelación de hipoteca por prescripción. En cuanto a la anotación preventiva de demanda, indicó que no era inscribible por motivo de la cancelación de la hipoteca. Tras la presentación de un escrito de recalificación, la Registradora extendió una anotación preventiva de denegatoria de inscripción. De

---

[45] Omitiremos los detalles específicos sobre los hechos que rodean a este caso, puesto que en la Opinión mayoritaria están bien resumidos.

esa denegatoria del asiento solicitado, Distribuidores Unidos de Gas acude ante este Tribunal.

Aparte del asunto anterior, el peticionario nos convida a examinar el asunto extraregistral, que es de naturaleza contenciosa. A pesar de esa naturaleza contenciosa, Distribuidores Unidos de Gas solicita que entremos a discutir un asunto sin contar con la comparecencia de una de las partes de tal contención. La controversia extraregistral es la siguiente: antes de vencer el término prescriptivo de una acción hipotecaria, el acreedor presenta una demanda en cobro de dinero contra su deudor, pero excluye la acción hipotecaria de la demanda.[46] Tras vencer el término prescriptivo de la acción hipotecaria que provee el Artículo 1864 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5294, y habiéndose presentado al Registro una instancia de cancelación, el acreedor presenta una demanda enmendada en la que incluye la acción de ejecución de hipoteca. Por supuesto, la postura del acreedor es que se aplique el efecto retroactivo de la demanda enmendada, con el fin de interrumpir el término prescriptivo de 20 años de la acción hipotecaria.

Como examinaremos a continuación, la determinación del efecto interruptor de la demanda enmendada es un asunto de competencia de los tribunales, mas no de los Registradores del Registro de la Propiedad. La revisión de tal determinación judicial debe hacerse conforme al

---

[46] Cabe resaltar que a pesar de presentar ante este Tribunal la controversia extraregistral de que la demanda original interrumpió el término prescriptivo de la acción hipotecaria, el peticionario no incluyó como parte del apéndice de su recurso copia de dicha demanda original.

curso apelativo de un procedimiento civil, Reglas de Procedimiento Civil, Reglas 52.1-52.3, 32 L.P.R.A. Ap. V RR. 52.1-52.3, y no mediante un recurso gubernativo, que es un procedimiento de jurisdicción voluntaria, de carácter sumario y que tiene como propósito reclamar contra la calificación de un Registrador. Eduardo Vázquez Bote, *Tratado teórico, práctico y crítico de Derecho Privado Puertorriqueño*, Tomo XV: "Derecho inmobiliario registral (II)", págs. 343-353 (1992).

II

A

En el caso de epígrafe la Registradora actuó conforme a los documentos que obraban en el Registro al momento de la calificación y conforme al principio de prioridad, que establece un orden preferencial o excluyente de los títulos según el orden de llegada al Registro. Luis R. Rivera Rivera, *Derecho Registral Inmobiliario puertorriqueño*, pág. 187 (2da ed. 2002); Eduardo Serrano Alonso, *Conceptos fundamentales del Derecho Hipotecario*, pág. 29 (4ta ed. 2002) (el principio de prioridad "es una manifestación del aforismo *prior tempus, potior iure*").

Según mencionado, previo a la presentación de la anotación preventiva de demanda se había presentado ante el Registro una instancia de cancelación de hipoteca. Sobre las cancelaciones de hipotecas, la Ley Hipotecaria de Puerto Rico, 30 L.P.R.A. secs. 2001 *et seq.*, menciona en su Artículo 145:

> A petición de parte, autenticada ante notario, los registradores cancelarán las hipotecas que tengan más de veinte (20) años de

vencidas o, si no tuvieron término de vencimiento, de constituidas, siempre que concurran las circunstancias siguientes:

(1) Que del Registro **no conste** la interposición de demanda o procedimiento alguno en cobro o ejecución del gravamen hipotecario.

(2) Que del Registro **tampoco conste** que a pesar del tiempo transcurrido, dicho gravamen se mantiene subsistente en virtud de cualquier reclamación, acto o reconocimiento que signifique la subsistencia de la hipoteca, por suspensión o interrupción de la prescripción liberatoria, u otra causa cualquiera.

30 L.P.R.A. sec. 2469 (énfasis suplido).

Al momento en que la Registradora examinó y calificó los documentos ante sí, no constaba en el Registro interposición de demanda ni ningún tipo de interrupción del término prescriptivo de la acción hipotecaria que haya sido presentado con anterioridad a la instancia de cancelación de hipoteca. Conforme al principio de legalidad y el acto de calificación registral, la Registradora recurrida solamente comprobó la validez y perfección jurídica de los escritos presentados. La recurrida se ciñó al texto legal de los Artículos 64 y 67 de la Ley Hipotecaria, que establecen las funciones y el propósito de un Registrador al momento de calificar los documentos presentados. 30 L.P.R.A. secs. 2267 & 2270.[47]

---

[47] El Artículo 64 de la Ley Hipotecaria expone:

Los registradores calificarán, bajo su responsabilidad la legalidad de los documentos de toda clase en cuya virtud se solicite un asiento. Dicha calificación comprenderá las formas extrínsecas de los documentos presentados, la capacidad de los otorgantes y la validez de los actos y contratos contenidos en tales documentos. Los registradores fundamentarán su calificación de los actos y contratos a registrarse en los documentos que

Con tal proceder la Registradora rechazó los argumentos del aquí peticionario y evitó pasar juicio sobre la controversia judicial de si la demanda enmendada presentada por Distribuidores Unidos de Gas se retrotraía a la fecha de la demanda original con el fin de interrumpir el término prescriptivo de la acción hipotecaria. Tal actuación es cónsona con pronunciamientos de este Tribunal, a los efectos de que:

> [N]uestro sistema registral inmobiliario excluye 'toda idea de que el Registrador es un Juez' ... ni tiene por objeto '[d]eclarar la existencia o inexistencia de un derecho dudoso....' La calificación registral está limitada a los solos efectos de extender, suspender o negar la inscripción o anotación, nota marginal o cancelación solicitada.

*Cabrer v. Registrador*, 113 D.P.R. 424, 429 (1982) (citas omitidas).

Sobre la función de un Registrador, en *Cabrer v. Registrador* también expusimos que la Ley Hipotecaria:

> [N]o ha convertido al Registrador en un juez cuyos decretos sean determinantes *erga omnes* de la validez de los actos o contratos contenidos en los documentos sometidos a su calificación.

---

se presenten, los asientos registrales vigentes y las leyes.

Al calificar los documentos sujetos a registro, los registradores no están facultados para apreciar la legalidad de las calificaciones efectuadas ni de los asientos extendidos con anterioridad por sus predecesores o por ellos mismos. Tales asientos así como los actos inscritos deberán estimarse válidos, hasta tanto los tribunales declaren su nulidad. 30 L.P.R.A. sec. 2267.

Por su parte, el Artículo 67 expresa:

La calificación hecha por el registrador de los documentos presentados será a los únicos efectos de extender o denegar la inscripción, anotación, nota o cancelación solicitada, y no impedirá ni prejuzgará el juicio que pueda seguirse en los tribunales sobre la validez de los documentos calificados, debiendo atenerse el registrador a lo que en aquél se resuelva. 30 L.P.R.A. sec. 2270.

> Esa autoridad queda reservada a los tribunales de justicia mediante juicios plenarios en que oyen testigos y reciben pruebas aportadas por partes en contienda. La función del Registrador tiene ... la naturaleza propia de los llamados actos de jurisdicción voluntaria.

*Id.* en la pág. 432 (citas omitidas). *Véase además L. Dershowitz & Co. v. Registrador*, 105 D.P.R. 267, 273 (1976) (la función calificadora del Registrador "tiene la naturaleza propia de los actos de jurisdicción voluntaria"); Rivera Rivera, *supra*, págs. 280-281.

En fin, la Registradora no se excedió en sus funciones ministeriales y dejó para el foro judicial aquellas controversias que no eran de su competencia.[48] A pesar de la corrección de la actuación de la Registradora, el aquí peticionario insiste erróneamente en su recurso gubernativo en traer ante esta Curia una controversia extraregistral que le compete exclusivamente

---

[48] El Alegato de la Registradora presentado ante esta Curia dirige igualmente sus planteamientos hacia esta misma dirección. Citamos de éste:

> Entendemos que el autorizar la enmienda a una demanda y determinar si la enmienda es efectiva al momento de la radicación de la demanda original son asuntos que competen exclusivamente al Tribunal de Primera Instancia ante el cual se está ventilando el procedimiento contencioso de cobro de dinero. No es parte de la función de un Registrador el adjudicar asuntos que son de la exclusiva jurisdicción de los tribunales. El proceso de calificación de documentos está enmarcado dentro de la jurisdicción voluntaria, nunca dentro de la jurisdicción contenciosa.... Siendo competencia del Tribunal de Primera Instancia ante el cual se presentó la demanda, el asunto de la enmienda a la demanda y los procedimientos ulteriores que lleva a cabo la parte recurrente para hacer valer su crédito, si como resultado del proceso judicial prevalece la parte recurrente, dicho Tribunal es al que compete ordenar la reinstalación de la hipoteca.
>
> Por lo tanto, para efectos de este Recurso Gubernativo, el planteamiento de que la demanda original data del año 2009, está fuera del alcance jurisdiccional del Registrador.

*Alegato de la Registradora Recurrida*, pág. 13.

a los tribunales mediante el curso ordinario de un procedimiento civil. Para ver en qué consiste el error, examinemos brevemente la constitución de un recurso gubernativo.

B

El recurso gubernativo es un escrito "para recurrir ante el Tribunal Supremo de Puerto Rico contra la calificación final del documento hecha por el Registrador denegando el asiento solicitado". Ley Hipotecaria, art. 76, 30 L.P.R.A. sec. 2279. En palabras de Roca Sastre, el recurso gubernativo se define como:

> [A]quella reclamación interpuesta ante la superioridad, contra la calificación del Registrador que atribuye defectos subsanables o insubsanables al título presentado a inscripción, y que, participando de la naturaleza de los actos de jurisdicción voluntaria, tiene por objeto resolver si existen o no aquellos defectos, con la única finalidad de que se declare inscribible dicho título, o que debe suspenderse o denegarse su inscripción.

Ramón M. Roca Sastre, *Derecho Hipotecario*, T. II, pág. 293 (6ta ed. 1968).

Este recurso "es el ejercicio del derecho que tiene el peticionario de impugnar la calificación del Registrador y que un organismo competente determine la existencia o inexistencia de las faltas.... Su naturaleza impide que el Tribunal Supremo considere controversias de derecho sustantivo y que dilucide derechos de las partes". Rivera Rivera, *supra*, págs. 315-316.[49] *Véase además Acosta Lebrón v. Registradora*, 159 D.P.R. 626 (2003).

---

[49] La crítica reconoce que aunque no se dilucidan asuntos de derecho sustantivo de las partes en un proceso

Como mencionamos al inicio, el recurso gubernativo es de naturaleza de jurisdicción voluntaria, mas no contenciosa. Vázquez Bote, *supra*, pág. 344. Tal cualidad no desaparece a pesar de ser un procedimiento en que se impugna la determinación de un Registrador y éste queda en contraparte del peticionario, aunque no es propiamente una parte. Tanto es así, que el Artículo 77.1 del Reglamento General para la Ejecución de la Ley Hipotecaria y del Registro de la Propiedad expone que el Registrador no es parte.

En lo referente al alcance de un recurso gubernativo, el Artículo 82.8 del Reglamento para la Ejecución de la Ley Hipotecaria establece que "[e]n caso de incoarse el recurso gubernativo, sólo podrá cuestionarse la determinación del Registrador de que las faltas señaladas no fueron corregidas". Anteriormente hemos examinado el alcance de un recurso de esta índole y hemos concluido que la negativa del Registrador a realizar alguna operación en el Registro equivale a la denegación de una inscripción, por lo que procede el recurso gubernativo. *Housing Investment v. Registrador*, 110 D.P.R. 490, 500 (1980).

En *Housing Investment* examinamos también la amplitud del proceder de este Foro al enfrentarse a un recurso gubernativo. Allí avalamos la amplia competencia que tiene este Tribunal al atender un recurso gubernativo y así evitar la restricción de nuestra jurisdicción gubernativa. *Id.* págs. 501-504. En tal caso, no

gubernativo, en ocasiones se ha obviado esto. Rivera Rivera, *supra*, pág. 316.

obstante, nos expresamos sobre la amplitud de nuestra competencia para fines de resolver **estrictamente** conflictos registrales, con tal de evitar "una segunda o tercera confrontación entre parte y Registrador". *Id.* pág. 501. Citando a Roca Sastre, señalamos que la naturaleza del procedimiento de calificación registral no interfiere con el de los tribunales, puesto que resuelve dentro de una jurisdicción voluntaria un problema de derecho limitado al efecto de inscribir, denegar o suspender el asiento solicitado. *Id.* pág. 502 (citando Roca Sastre, *Derecho Hipotecario*, T. II, pág. 306 (6ta ed. 1968)).

Nuestras expresiones en el mencionado caso no atienden situaciones como la del caso de autos, en la que existe una controversia extraregistral de índole contencioso y en la que una de las partes no está presente ante esta Curia. Coincidimos con lo manifestado en *Housing Investment* en cuanto a que todo asunto entre una parte y un Registrador dentro de un procedimiento de recurso gubernativo no debe posponerse en contravención de la competencia de este Tribunal para disponer del asunto. Esto, pues tal recurso gubernativo es de jurisdicción voluntaria y "[n]o hay que confundir su esencial naturaleza con la acción judicial contenciosa ni la alzada administrativa". *Id.* pág. 502.

En las circunstancias de un recurso gubernativo tenemos amplia discreción para atender todo el conflicto entre la parte y el Registrador porque nuestra participación se da dentro del proceso mismo de la calificación y la decisión final sobre ésta será aquélla

que un Registrador estaba capacitado para realizar. *Véase* Ramón M. Roca Sastre, Luis Roca-Sastre Muncunill & Joan Bernà i Xirgo, *Derecho Hipotecario*, T. II, Vol. 1, págs. 41-44 (9na ed. 2008).[50] No obstante, una controversia de naturaleza contenciosa, como la interrupción de un término prescriptivo por la vía judicial, no es materia de adjudicación de un Registrador.

Es por ello que dentro de un recurso gubernativo no podemos llegar a una determinación ni otorgar un remedio que no es afín al procedimiento de calificación registral, máxime cuando una de las partes del pleito contencioso no está ante esta Curia ni se le ha provisto la oportunidad de expresarse en torno al asunto. La controversia extraregistral sobre si se interrumpió o no el término prescriptivo de la acción hipotecaria mediante la demanda enmendada, debe examinarse dentro de un proceso contencioso ante los tribunales del País. De proseguir el curso de acción apelativa dispuesto por ley, esta Curia podría llegar a atenderlo posteriormente en

---

[50] Citan los autores:

La *naturaleza jurídica* del recurso gubernativo contra la calificación del Registro es una cuestión bastante discutida, pero debe considerarse que participa de la misma naturaleza de la calificación, de la cual es una simple incidencia. Por tanto, tiene el carácter propio de los *actos de jurisdicción voluntaria*. No tiene *naturaleza judicial contenciosa*, porque en él no hay contienda *inter partes*....

....

El recurso gubernativo es, pues, una *alzada* que se produce como incidencia en el procedimiento especial de inscripción de títulos en el Registro de la propiedad....

Roca Sastre *et al.*, *supra*, págs. 41-44 (2008).

los méritos.  En estos momentos, tal controversia ante nuestra consideración está procesalmente a destiempo.[51] En la eventualidad de que el foro judicial determine que la demanda enmendada interrumpió el término prescriptivo de la acción hipotecaria, el ordenamiento jurídico provee para que se presente lo correspondiente al Registro y tenga el efecto que en Derecho proceda.

### III

Habiendo examinado los dos asuntos principales que presenta el peticionario mediante su recurso gubernativo, muestro mi conformidad en cuanto a que este Tribunal actuó correctamente en Derecho al ceñirse a resolver exclusivamente la controversia registral sobre si procede denegar la inscripción de un título en virtud de lo que constaba en el Registro al momento de presentarse.  Así, este Foro no titubeó en dejar la solución del asunto extraregistral para que siguiera el orden del procedimiento civil ante los tribunales del País.  Con tal proceder este Tribunal se abstuvo de resolver una controversia que erróneamente presentó el peticionario ante esta Curia.

Anabelle Rodríguez Rodríguez
Juez Asociada

---

[51] Tratándose de una controversia extraregistral entre dos partes, una de las que no está aquí ante nosotros, hacer expresiones en cuanto al efecto interruptor de la demanda enmendada sobre el término prescriptivo de la acción hipotecaria, tal como propone el peticionario, corre el riesgo de que emitamos una opinión consultiva.